LEWIS, Appellant,

v.

**DELAWARE COUNTY JOINT VOCATIONAL
SCHOOL DISTRICT et al., Appellees.**

[Cite as *Lewis v. Delaware Cty. JVSD,* 161 Ohio App.3d 71, 2005-Ohio-2550.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 04CAH 08–060.

Decided May 11, 2005.

Byron L. Potts, for appellant.

Richard W. Ross and Nicole M. Donovsky, for appellees.

---

BOGGINS, Presiding Judge.

{¶ 1} Appellant, Curtis L. Lewis, appeals the July 14, 2004 judgment entry of Delaware Court of Common Pleas dismissing his complaint.

{¶ 2} Appellees are the Delaware County Joint Vocational School District ("JVSD") Board of Education and Dr. Patricia Foor, superintendent.

## STATEMENT OF THE FACTS AND CASE

{¶ 3} The relevant facts contained in plaintiff-appellant's complaint are as follows:

{¶ 4} Appellant was employed by the Ohio Department of Education as Methods of Administration, Office of Civil Rights Coordinator ("MOA–OCR"). As MOA–OCR, appellant's job was to ensure that all local school districts follow

the federal guidelines requiring that equal educational opportunities and services be offered to all employees and students, regardless of race, color, national origin, sex, or disability. Appellant was employed in this position for 14 years.

{¶ 5} As part of his job, appellant was to investigate allegations made by David L. Swoope Jr., Ph.D., regarding discrimination, harassment, and abuse of students with disabilities at Delaware JVSD.

{¶ 6} On February 23, 2001, appellant sent a letter to appellee Foor, communicating the alleged discrimination claims.

{¶ 7} Appellant conducted an on-site interview with appellees, wherein appellant conducted individual interviews with coordinators, counselors, and other personnel at Delaware County JVSD.

{¶ 8} On March 9, 2001, appellant submitted an on-site activity report to his immediate supervisor.

{¶ 9} Foor had discussions with appellant's supervisors regarding appellant's ongoing investigation and audit of appellees.

{¶ 10} On or about March 8, 2001, Foor solicited notarized statements from the coordinators and counselors and sent them to the Ohio Department of Education. The statements alleged the following:

{¶ 11} (a) That on March 8, 2001, appellant urinated on her floor in both the morning and the afternoon;

{¶ 12} (b) That appellant made threatening statements, both verbally and in writing, concerning appellee's operation;

{¶ 13} (c) That appellant was on a witch hunt;

{¶ 14} (d) That appellant accused appellee Foor of "hiding problems" and said that he questioned the honesty of each coordinator and counselor;

{¶ 15} (e) That appellant accused Foor of discriminating against Dr. Swoope, stating that "at the very least they will have to pay back wages denied him because of the injury and allow him to go on disability."

{¶ 16} (f) That appellant stated, "When [we] release the information about the school, the district will not be able to pass a levy."

{¶ 17} As a result, appellant was removed from the investigation of appellee.

{¶ 18} On June 8, 2001, appellant resigned from his position with the Ohio Department of Education.

{¶ 19} On May 14, 2003, appellant filed a complaint in Franklin County.

{¶ 20} On October 16, 2003, appellant filed an Amended Complaint alleging slander and libel by appellees Delaware County JVSD Board of Education and

Dr. Patricia Foor, superintendent, claiming that the above statements and publications were defamatory in nature, were false, and were published willfully and with malice. Appellant further claimed that, by reason of their publication, he was injured in his professional career, was forced into retirement, suffered an irreversible and debilitating stroke, injured his credit and reputation, and suffered great pain and anguish. Appellant demanded judgment in the amount of $1,500,000.

{¶ 21} On February 2, 2004, appellees filed a motion to dismiss, alleging insufficient service of process, improper venue, expiration of the statute of limitations, and failure to state a claim upon which relief could be granted.

{¶ 22} On February 27, 2004, appellant filed a motion to transfer venue.

{¶ 23} On May 7, 2004, the case was transferred to Delaware County Common Pleas Court.

{¶ 24} On July 14, 2004, the trial court granted the appellees' motion to dismiss appellant's amended complaint on statute-of-limitations grounds.

{¶ 25} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶ 26} "I. The trial court misapplied the rule of publication in the plaintiff's defamation action and thus misapplied the statute of limitations. The cause of action did not accrue until May 15, 2002.

{¶ 27} "II. The trial court erred by failing to apply the discovery rule under R.C. 2305.11(A)."

{¶ 28} We will address appellant's first and second assignments of error together as they both challenge the trial court's decision to grant appellees' motion to dismiss on statute-of-limitations grounds.

{¶ 29} In his first assignment of error, appellant argues that the trial court misapplied the rule of publication, thus misapplying the statute of limitations. In his second assignment of error, appellant argues that the trial court erred by failing to apply the discovery rule under R.C. 2305.11(A).

{¶ 30} The trial court granted appellees' motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 31} Civ. R. 12(B)(6) provides the trial court with an opportunity to review the complaint and avoid unnecessary litigation if, construing as true all the material allegations in the complaint, and drawing all reasonable inferences therefrom in favor of the nonmoving party, it nevertheless finds that the plaintiff could prove no set of facts in support of his or her claim that would entitle him or

her to relief. See *Hester v. Dwivedi* (2000), 89 Ohio St.3d 575, 733 N.E.2d 1161. The trial court's review is limited to the complaint.

{¶ 32} Our standard of reviewing a trial court's dismissal pursuant to Civ.R. 12(B)(6) is de novo, because it presents a question of law. *Greeley v. Miami Valley Maintenance Contrs. Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584.

{¶ 33} To prevail on a libel claim, a plaintiff must prove five elements: "(1) a false and defamatory statement, (2) about plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) that was either defamatory per se or caused special harm to the plaintiff." *Gosden v. Louis* (1996), 116 Ohio App.3d 195, 206, 687 N.E.2d 481. Defamatory matter is defined as that which is injurious to another's reputation. *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 345–346, 94 S.Ct. 2997, 41 L.Ed.2d 789.

{¶ 34} The trial court concluded that R.C. 2305.11 requires that a complaint for libel, slander, or malicious prosecution must be commenced within a year after the cause of action occurred. For this reason, the trial court dismissed the case with prejudice.

{¶ 35} Appellant argues that his cause of action did not accrue until May 15, 2002, the date the publication containing the allegedly defamatory remarks regarding appellant was released to appellant by the Ohio Civil Rights Commission.

{¶ 36} Upon review of the instant action, we find that appellant's complaint raises a claim of defamation that is subject to the statute of limitations set forth in R.C. 2305.11(A). That statute provides: "An action for libel [or] slander * * * shall be commenced within one year after the cause of action accrued * * *." R.C. 2305.11(A). A cause of action for defamation accrues upon the date of publication of the defamatory matter. *Reimund v. Brown* (Nov. 2, 1995), Franklin App. No. 95APE04–487, 1995 WL 643939; *Hackney v. Community Journal* (Feb. 21, 1995), Clermont App. No. CA94–07–052, 1995 WL 70183.

{¶ 37} We find that the allegedly slanderous statements were published in March 2001, more than one year before the original complaint was filed on May

14, 2003. That was the only time appellees made the allegedly defamatory statements.

{¶ 38} With regard to appellant's argument that the trial court should have applied the discovery rule, we find that the date of publication and not the discovery thereof is the time for accrual of such an action. *Snell v. Drew* (Nov. 1, 1985), Lucas App. No. L–85–074, at 4, 1985 WL 8216; *Rainey v. Shaffer* (1983), 8 Ohio App.3d 262, 8 OBR 354, 456 N.E.2d 1328; *Palmer v. Westmeyer* (1988), 48 Ohio App.3d 296, 549 N.E.2d 1202.

{¶ 39} Appellant's first and second assignments of error are overruled.

{¶ 40} Accordingly, the judgment of the Delaware County Common Pleas Court is affirmed.

*Judgment affirmed.*

GWIN and WILLIAM B. HOFFMAN, JJ., concur.