OPINION
{¶ 1} Appellant Karam Pathan is appealing from the grant of summary judgment to his former wife and thus against Appellant's complaint against his former wife and her sister alleging intentional tortious interference with a parental order, negligent infliction of emotional stress, and intentional infliction of emotional stress.
 {¶ 2} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Graftonv. Ohio Edison Co., 77 Ohio St.3d 102, 105, 671 N.E.2d 241,1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland CitySchools Bd. Of Edn. (1997), 122 Ohio App.3d 378, 383,701 N.E.2d 1023, citing Dupler v. Mansfield Journal Co. (1980),64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187, 18 O.O.3d 354. Thus, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E. 2d 1153.
 {¶ 3} The facts of this matter and law applicable thereto are set forth fairly but succinctly in the judgment of the trial court from which appellant is appealing, as follows:
 {¶ 4} "This matter is before the Court on Defendant Merry Pathan, n/k/a Merry Hagan's (`Hagan') Motion For Summary Judgment filed on June 17, 2004. Plaintiff, Karam Pathan's (`Plaintiff') Response was filed on July 6, 2004. Defendant Hagan's Reply Memorandum and Motion to Strike Plaintiff's Exhibits was filed on July 15, 2004. Plaintiff did not file a response to Hagan's Motion to Strike. The facts of this case are set forth in the trial court's decision, as follows.
 I. FACTS {¶ 5} "This case stems from a marriage between Plaintiff and Hagan. One child was born of the marriage, Sabina, Born December 1, 1989. The marriage was dissolved by the Superior Court of the State of California on July 2, 1993. Hagan was the custodial parent of Sabina and moved to Dayton, Ohio. The Plaintiff and Hagan were then involved in lengthy custody litigation, and custody was awarded to Plaintiff in January of 2000. Plaintiff and Sabina then moved to South Dakota.
 {¶ 6} "Defendant Linda Mehas (`Mehas') is the sister of Hagan. In February of 2002 Mehas spoke to her daughter about personal safety, at which time her daughter wrote a letter to Sabina on this topic and allegedly had a discussion with Mehas about Sabina. On February 26, 2002 Mehas called the Department of Social Services, Child Protection of South Dakota because she allegedly thought that Sabina was being verbally and possibly physically abused by Plaintiff. There was an investigation into the possible abuse and an investigation report was made finding the allegations unsubstantiated.
 {¶ 7} "After this report, Plaintiff and Hagan both filed a separate Motion regarding visitation in the State of South Dakota Third Judicial Circuit Court. The court conducted a hearing and made a ruling that was filed on June 24, 2003.
 {¶ 8} "Plaintiff filed a complaint alleging intentional tortious interference with a parental order, negligent infliction of emotional distress and intentional infliction of emotional distress on June 7, 2003 against his ex-wife, Defendant Hagan and her sister, Defendant Mehas.
 II. SUMMARY JUDGMENT STANDARD {¶ 9} "Summary Judgment is appropriate where: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.[1] `The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment.'[2] Ohio Civil Rule 56(C) places a duty upon the trial court to consider all appropriate materials before ruling on a motion for summary judgment and to view the facts in the light most favorable to the non-moving party.[3]
 {¶ 10} "The moving party cannot discharge its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the non-moving-party has no evidence to support the non-moving party's claims.[4]
 {¶ 11} "After adequate time for discovery and upon a motion for summary judgment which satisfies the test of Dresher andHarless, supra, an entry of summary judgment is appropriate if the party against whom summary judgment is sought fails to make a showing on an element to that party's case and on which that party will bear the burden of proof at trial.[5] In opposing a summary judgment motion, the non-moving party may not rest upon the mere allegations of denials of its pleadings, but must set forth specific facts showing that there is a genuine issue for trial.[6] In showing that there is genuine issue for trial, only disputes over material facts, facts that may affect the outcome of the suit, may preclude summary judgment.[7]
 {¶ 12} "Summary judgment must be denied where a genuine issue of material fact exists, where competing inferences may be drawn from undisputed underlying evidence, or where the facts present are uncertain or indefinite.[8] All doubts and conflicts in the evidence must be construed most strongly in favor of the party against whom summary judgment is sought.[9]
 {¶ 13} "When the court considers evidence with regard to summary judgment, `it should not attempt to usurp the jury's role of assessing credibility, weighing the evidence, or drawing inferences.'[10] The court's function is to consider the evidence to support the non-moving party's position that a jury could reasonably find in its favor.[11] If this evidence is sufficient, then a genuine issue of material fact remains to be resolved by the jury. It is with this standard of review that the motion for summary judgment must be considered.
 {¶ 14} "III. LAW AND ANALYSIS {¶ 15} "Initially, Hagan's Motion to Strike Plaintiff's Exhibits, 4, 6, 7 and 8 attached to Plaintiff's Response is addressed in the Court's Decision, Order and Entry.
 {¶ 16} "Hagan has requested that this Court strike Plaintiff's Exhibit #4, which is the deposition of Linda Mehas taken on March 21, 2003 in relation to case no. 02-130 of the Montgomery County Common Pleas Court and the State of South Dakota, County of Codington Circuit Court, Third Judicial District case dealing with visitation of Sabina. Hagan argues that Plaintiff has failed to comply with the requirements of Civ.R. 56(C) in not filing the deposition with the Court. Hagan's argument, though premised on a technicality, is well taken. Plaintiff has failed to file the deposition with the Court and has failed to attach a certified copy of the transcript to his motion. Plaintiff has failed to comply with Civ.R. 56(C) and (E). Plaintiff has also failed to comply with Local Rule 2.09IV in failing to file a certification by counsel that the transcript is filed for consideration of a motion. Plaintiff's Exhibit #4 is ORDERED stricken from the record.
 {¶ 17} "Hagan has requested that this Court strike Plaintiff's Exhibit #6, which is the deposition of Linda Mehas taken on March 21, 2003 in relation to case no. 02-130 of the Montgomery County Common Pleas Court and the State of South Dakota, County of Codington Circuit Court, Third Judicial District case dealing with visitation of Sabina. Hagan argues that Plaintiff has failed to comply with the requirements of Civ.R. 56(C) in not filing the deposition with the Court. Hagan's argument, though premised on a technicality, is well taken. Plaintiff has failed to file the deposition with the Court and has failed to attach a certified copy of the transcript to his motion. Plaintiff has failed to comply with Civ.R. 56(C) and (E). Plaintiff has also failed to comply with Local Rule 2.09 IV in failing to file a certification by counsel that the transcript is filed for consideration of a motion. Plaintiff's Exhibit#6 is ORDERED stricken from the record.
 {¶ 18} "Hagan has requested that this Court strike Plaintiff's Exhibit #7 which are copies of the South Dakota Department of Social Services (`DSS File') file relating to the report of alleged child abuse. Hagan argues that the file is hearsay and that the file has not been properly authenticated as to comply with Civ.R. 56(E). Hagan's argument is well-taken. Plaintiff has failed to file a certified copy. Even if a certified copy had been filed with the Court, the DSS file has been attached to Plaintiff's Motion to prove the truth of the matter contained in the DSS file and is hearsay. Plaintiff has failed to show that an exception exists to allow the DSS file to be considered by the Court. Plaintiff's Exhibit #7 is ORDERED stricken from the record.
 {¶ 19} "Hagan has requested that this Court strike Plaintiff's Exhibit #8 which are the findings of fact and conclusions of law of the State of South Dakota, county of Codington Circuit Court, Third Judicial District for case number 02-130 relating to visitation of Sabina. Hagan argues that this decision does not qualify as evidence pursuant to Civ.R. 56(C) because the document has not been authenticated, it contains hearsay, and no transcript of the proceeding in the Circuit Court has been filed with this Court. Hagan's argument is well-taken. The document is not properly authenticated or certified and no transcript of the proceeding has been filed with the Court. Plaintiff's Exhibit #8 is ORDERED stricken from the record.
 {¶ 20} "Hagan has requested that this Court grant her summary judgment as to all of the claims asserted by Plaintiff. As to Hagan's motion for summary judgment, the parties herein dispute: (1) whether Ohio recognizes a cause of action for intentional tortious interference with a residential parental order, (2) whether Plaintiff can make a claim for negligent infliction of emotional distress, (3) whether Hagan acted in concert with Mehas to support a claim of intentional infliction of emotional distress, and (4) whether any action of Hagan constituted extreme and outrageous conduct.
 {¶ 21} "A. Ohio Does Not Recognize a Claim for Intentional Tortious Interference with a Residential Parental Order.
 {¶ 22} "Plaintiff argues that the report to DSS was made pursuant to an intentional tortious interference with a residential parental order, and has brought a claim against Hagan for tortious interference with a residential parental order. Hagan argues that Ohio does not recognize a claim for tortious interference with a residential parental order and summary judgment is appropriate. The Court notes that Plaintiff has not alleged a claim for defamation against Hagan and the Court will not address a claim for defamation since it has not been raised by Plaintiff.
 {¶ 23} "Plaintiff has failed to cite any authority in support of his claim for tortious interference with a residential parental order showing that such a cause of action exists. The Court has found no authority to support a cause of action based on tortious interference with a residential parental order. InGiambrone[12] the court was faced with the same cause of action and found that a claim for tortious interference with a custody order did not exist in Ohio.
 {¶ 24} "`Once a moving party satisfies their burden of supporting their motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial.'[13] Plaintiff has failed to meet his burden of establishing that a question of material fact exists as to his claim for tortious interference with a residential parental order. The Court finds that no such cause of action exists and summary judgment is appropriate on said claim.
 {¶ 25} "B. Plaintiff Has Failed To Establish That A Question of Material Fact Exists to Preclude Summary Judgment on His Claim For Negligent Infliction of Emotional Distress.
 {¶ 26} "Plaintiff argues that Hagan's actions in helping Mehas with the false report of child abuse as well as her motive in helping make the report has caused him emotional peril and put him in fear of physical consequences to his own person. Hagan argues to the contrary, claiming Plaintiff's cause of action for negligent infliction of emotional distress must fail on the facts Plaintiff has presented in support of his argument.
 {¶ 27} "Traditionally Ohio has recognized a cause of action for negligent infliction of emotional distress only where plaintiff is faced with actual physical peril or the perceived threat of physical peril.[14] Courts have interpreted this to include bystanders to accidents, and have also allowed a cause of action to exist for wrongful burial and wrongful connection to life support.[15] Plaintiff cites Heiner in support of his argument that a cause of action exists for negligent infliction of emotional distress for the reporting of a child abuse case against him that was unsubstantiated. Plaintiff bases this on the psychological turmoil that resulted. Plaintiff's reliance on Heiner is misplaced. In Heiner plaintiff brought a cause of action for negligent infliction of emotional distress against a doctor who informed her she was HIV positive based upon a blood test taken in evaluation of plaintiff's physical condition.[16] Plaintiff was referred to another doctor who performed a subsequent blood test that came back that plaintiff was HIV negative.[17] The Supreme Court held that plaintiff was never placed in actual physical peril, and a claim for negligent infliction of emotional distress does not exist where the distress is caused by the plaintiff's fear of nonexistent physical peril.[18]
 {¶ 28} "Hagan's argument is well-taken. Plaintiff has failed to establish that he was in fear of physical peril. Plaintiff has failed to raise a question of material fact and summary judgment is appropriate on said claim.
 {¶ 29} "C. Plaintiff Has Failed To Establish That a Question of Material Fact Exists to Preclude Summary Judgment on His Claim For Intentional Infliction of Emotional Distress.
 {¶ 30} "Plaintiff argues that Hagan has an ongoing conspiracy with Mehas to alienate Sabina from Plaintiff, and that Hagan's continuous actions should be considered extreme and outrageous. Plaintiff claims that Hagan acted in concert with Mehas in filing a false child abuse allegation against him, that Hagan intended to cause him serious emotional distress, that her conduct was extreme and outrageous and that her actions proximately cause his psychic injury. Hagan argues that she had nothing to do with the report that was made by Mehas in February of 2002. Hagan claims that Plaintiff has no evidence that she acted in concert with Mehas, but is merely relying on innuendo and unsupported inferences. Hagan further argues that Plaintiff is not claiming that her continuous actions of domestic relations litigation should be considered an intentional infliction of emotional distress, and that this is outrageous because Plaintiff has also been the instigator of continued litigation in the domestic relations court.
 {¶ 31} "The tort of intentional infliction of emotional distress in Ohio requires the plaintiff to satisfy four elements:
 {¶ 32} "(1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, * * * (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it.[19]
 {¶ 33} "`[A]n intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur.'[20]
 {¶ 34} "Plaintiff has failed to establish the first three elements of the tort. There is no evidence that Hagan either intended to cause emotional distress or knew or should have known that any of her actions taken would result in serious emotional distress to the Plaintiff. The evidence before the Court does not show that Hagan acted in concert with Mehas in filing the alleged child abuse report and Plaintiff has failed to demonstrate any other actions on Hagan's part to support a finding that Hagan intended to cause emotional distress or that her actions would result in serious emotional distress. Plaintiff has relied on the assumption that Hagan acted in concert with Mehas but has failed to submit any evidence pursuant to Civ.R. 56(E) to support his claim. Based upon this, Plaintiff has failed to demonstrate that Hagan's actions were extreme and outrageous, or that Hagan's actions were the proximate cause of his psychic injury. The Court is disinclined to hold that Hagan's litigation in the domestic relations court amounts to an intentional infliction of emotional distress and Plaintiff has failed to identify any case law that would support such a holding. Summary judgment is appropriate on said claim.
 IV. CONCLUSION {¶ 35} "After duly considering the above matter, Defendant Hagan's motion for Summary Judgment is hereby GRANTED in its entirety. After duly considering the above matter, Defendant Hagan's Motion to Strike is hereby GRANTED in its entirety.
 {¶ 36} "SO ORDERED."
 {¶ 37} We cannot improve upon Judge David A. Gowdown's decision as set forth above and we hereby approve it and adopt it as our own. All three assignments of error are overruled and the judgment is affirmed.
Brogan, P.J. And Donovan, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327; see also, Ohio R.Civ.P. 56(C).
[2] Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
[3] Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
[4] Drescher v. Burt (1996), 75 Ohio St.3d 280, 293.
[5] Celotex Corp. v. Catrett (1986), 477 U.S. 317, 324, Ohio St.3d 356, 360.
[6] Reynoldsburg Motor Sales v. Columbus (1972),32 Ohio App.2d 271, 274.
[7] Anderson v. Liberty Lobby (1986), 477 U.S. 242, 248.
[8] Duke v. Sanymetal Products Co., Inc, (1972),31 Ohio App.2d 78.
[9] Morris v. Ohio Casualty Ins. Co. (1988),35 Ohio St.3d 48.
[10] Anderson, supra at 242.
[11] Paul v. Uniroyal Plastics Co. (1988), 62 Oho App.3d 277, 282.
[12] Giambrone v. Berger (1989), 57 Ohio App.3d 38.
[13] Kopp v. Bank One, N.A., C.A. (Jan. 10, 2003), Lake App. No. 2002-L-025, 2003-Ohio-App. LEXIS 1558, citing State ex rel.Zimmerman v. Thompkins (1996), 75 Ohio St.3d 447.
[14] Heiner v. Moretuzzo (1995), 73 Ohio St.3d 80, see also,Hale v. City of Dayton (Feb. 8, 2002), Montgomery App. No. 18800, 2002 Ohio App. LEXIS 474.
[15] Criswell v. Brentwood Hosp. (1989), 49 Ohio App.3d 163.
[16] Heiner, supra.
[17] Id.
[18] Id.
[19] Scroggins v. Bill Furst Florist Greenhouse, Inc.
(January 9, 2004), Montgomery App. No. 19519, 2004 Ohio App. LEXIS 75 (citations and internal quotation marks omitted), see also Phung v. Waste Mgmt., Inc. (1994), 71 Ohio St.3d 408,410.
[20] Jones v. VIP Dev. Co. (1984), 15 Ohio St.3d 90, 95.