{¶ 51} I respectfully dissent because genuine issues of material exist that preclude the grant of summary judgment on Merchants' complaint.
 {¶ 52} In deciding a motion for summary judgment, a trial court cannot weigh credibility when considering evidentiary material presented in favor of, or in opposition to, a summary judgment motion. Killilea v.Sears, Roebuck Co. (1985), 27 Ohio App.3d 163, 167-168; Prysock v.Bahner, 10th. Dist. No. 03AP-1245, 2004-Ohio-3381, at ¶ 10, citingKillilea at 167-168. "Issues of credibility of affiants are not issues properly decided or disposed of by a motion for summary judgment." *Page 17 Aglinsky v. Cleveland Builders Supply Co. (1990), 68 Ohio App.3d 810,816, see, also, Whiteside v. Conroy, 10th Dist. No. 05AP-123, 2005-Ohio-5098, at ¶ 75. Instead, the job of assessing credibility lies strictly with a jury. Pathan v. Pathan, 2nd Dist. No. 20926,2006-Ohio-43, at ¶ 13.
 {¶ 53} As to the first element of Merchants' unjust enrichment claim, the majority concludes that no issue of material fact exists as to whether Boukzam and his entities were conferred a benefit. Boukzam's affidavit, however, directly contradicts this fact and states that no benefit was conferred to him or his entities. Notably, Boukzam's affidavit is not contradicted by any deposition testimony or other evidence in the record. Although the trial court may not have found the affidavit credible, such a determination should be left to a jury. Accordingly, I find that a genuine issue of material fact exists precluding the grant of summary judgment on Merchants' unjust enrichment claim. *Page 18 
 {¶ 54} Likewise, I find Reece's interrogatory answer ambiguous and that such answer does not support the majority's conclusion that "the $242,000 was used to fund the business operations of the restaurants now owned and operated by appellants." Reece's answer suggests that the money was used to fund the six Ponderosa restaurants previously operated by him and his entities-not Boukzam. Indeed, Merchants executed the agreements with Reece and his entities to support Reece's operation of the restaurants-not Boukzam. If Reece spent all the money while operating the six Ponderosa restaurants, prior to Boukzam's entities taking control, then the record cannot conclusively demonstrate that Boukzam and his entities benefitted from the money.
 {¶ 55} Additionally, while Merchants dismissed its claims against Metromedia and the Reece defendants, it never dismissed its civil conspiracy and fraudulent transfer claims against the appellants contained in Counts 6 and 8 of the complaint.[2] In refusing to address the fraudulent transfer claim, the majority implies that a creditor cannot seek redress against a transferee on a fraudulent transfer claim. I disagree. See e.g., Esteco, Inc. v. Kimpel, 7th Dist. No. 07CO3, 2007-Ohio-7201, at ¶ 8 (recognizing that if a transfer is fraudulent, then a creditor has the right to sue the *Page 19 
original transferee and any subsequent transferee for the value of the transferred property, subject to certain defenses); see, generally,Dolce v. Lawrence (Sept. 30, 1999), 11th Dist. No. 98-L-080. The Fraudulent Transfer Act specifically allows redress against a transferee who acted in bad faith. See R.C. 1336.08.
 {¶ 56} Despite finding that Merchants' fraudulent transfer claim was before the court when it filed its motion for summary judgment, I nevertheless conclude that summary judgment was not warranted. Merchants moved for summary judgment on the fraudulent transfer claim as an alternative to the unjust enrichment claim if Boukzam or his entities denied being the legal titled owner of the restaurants. Boukzam's entities, FFC and Steak and Buffet, Inc., however, acknowledged that FFC owned the real property and restaurant equipment while Steak and Buffet, Inc. held the franchise rights. They never disputed the ownership issue. Further, Merchants failed to demonstrate what asset was unlawfully transferred to support its claim and therefore was not entitled to judgment as a matter of law.
 {¶ 57} Finally, I find absolutely no support in the record to impose individual liability on Boukzam. The trial court imposed individual liability despite no evidence to justify piercing the corporate veil.
 {¶ 58} Accordingly, I would sustain Boukzam's first assignment of error and reverse the trial court's decision.
[2] Admittedly, Merchants seems to abandon its civil conspiracy claim, as evidenced in its statement of the case. But the claim was never dismissed prior to the trial court awarding judgment on the complaint. The conspiracy claim, however, cannot stand on its own. See Williams v.United States Bank Shaker Square, 8th Dist. No. 89760, 2008-Ohio-1414, at ¶ 16. Given that Merchants was not entitled to summary judgment on its fraudulent transfer claim, the conspiracy claim likewise fails. *Page 1