NALLS, Appellant, et al.

v.

NYSTROM, Appellee.

[Cite as *Nalls v. Nystrom,* 159 Ohio App.3d 200, 2004-Ohio-6230.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20351.

Decided Nov. 19, 2004.

Larry Nalls, pro se.

Richard A. Nystrom, pro se.

FAIN, Presiding Judge.

{¶ 1} Plaintiff-appellant Larry Nalls appeals from a summary judgment rendered in favor of defendant-appellee, Richard A. Nystrom. Nalls contends that the trial court erred in granting summary judgment in favor of Nystrom, because genuine issues of material fact exist. We conclude that genuine issues of material fact do exist regarding whether the $5,000 Nystrom was paid to represent Nalls was intended to cover, as part of the services Nystrom was to perform, (1) the filing of a petition for postconviction relief, (2) an appeal from an adverse decision reached by the trial court after a hearing on a motion for a new trial, or (3) both of the above. Therefore, we conclude that the trial court erred in rendering summary judgment in favor of Nystrom.

{¶ 2} Nalls also contends that the trial court erred in granting summary judgment in favor of Nystrom on the basis of Nalls's failure to provide expert testimony. We conclude that the trial court erred in granting summary judgment in favor of Nystrom on the basis of Nalls's failure to provide expert testimony because expert testimony is unnecessary in this case, in which the claimed breach of professional duty is well within the common understanding of laymen.

{¶ 3} Nalls further contends that the trial court erred in allowing Nystrom to continually violate the Rules of Civil Procedure regarding the improper service of pleadings upon Nalls and in failing to conduct a judicial inquiry into Nystrom's alleged act of perjury. Because Nalls has failed to demonstrate any prejudice, we conclude that the trial court did not err in overruling Nalls's motions.

{¶ 4} Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 5} In 1989, Nalls was convicted of two counts of rape. Nalls appealed from his conviction and sentence, and we reversed the judgment and remanded the matter to the trial court for resentencing. *State v. Nalls* (Nov. 9, 1990), Montgomery App. No. 11940, 1990 WL 174154. After Nalls was resentenced, he again appealed. We affirmed his conviction and sentence. *State v. Nalls* (Nov. 7, 1991), Montgomery App. No. 12624, 1991 WL 249530.

{¶ 6} In 1998, Nalls retained attorney Richard A. Nystrom to represent him for $5,000. On July 30, 1999, Nystrom filed a motion for a new trial. After a hearing, the trial court overruled Nalls's motion for a new trial, finding that the affidavit and testimony of the recanting witness offered by Nalls were not credible and did not disclose a strong probability of a different result if a new trial were granted. Nystrom appealed to this court from the order denying his motion for a new trial and requested that we appoint substitute counsel. Nalls declined substitute counsel and proceeded pro se. We affirmed the judgment of the trial court. *State v. Nalls* (May 31, 2002), Montgomery App. No. 19065, 2002-Ohio-2701, 2002 WL 1150832.

{¶ 7} On April 4, 2002, Nalls and his wife at the time, Paraniece Nalls, filed a complaint against Nystrom for legal malpractice. On April 30, 2002, Nystrom filed an answer and counterclaim. While the case was pending, Nalls filed several motions for sanctions against Nystrom, alleging that Nystrom had violated the Rules of Civil Procedure in improperly serving pleadings upon Nalls. Nalls also filed two motions for judicial inquiry, alleging that Nystrom had committed perjury. The trial court expressly overruled one of the motions for sanctions and one of the motions for judicial inquiry. Also, while the case was pending, Nalls brought a habeas corpus action in federal court, which was dismissed with prejudice as being barred by the statute of limitations.

{¶ 8} Both parties filed several motions for summary judgment in the state court case. The trial court granted Nystrom's motion for summary judgment pertaining to Paraniece Nalls, finding that she had no standing to bring an action for legal malpractice against Nystrom because an attorney-client relationship between Nystrom and Paraniece Nalls never existed. The trial court later rendered summary judgment in favor of Nystrom, based upon its finding that Nalls had failed to present the expert testimony necessary to establish professional standards of performance. From the summary judgment rendered against him, Nalls appeals.

## II

{¶ 9} Nalls's first assignment of error is as follows:

{¶ 10} "The lower court violated the appellant's First, Fifth and Fourteenth Amendment rights when it granted the appellee summary judgment while genuine issues of material fact remained in dispute."

{¶ 11} We review the appropriateness of summary judgment de novo and follow the standards set forth in Civ.R. 56. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369, 696 N.E.2d 201.

{¶ 12} Nalls contends that the trial court erred in rendering summary judgment in favor of Nystrom, because there is a genuine issue of material fact whether Nystrom agreed to file a petition for postconviction relief as part of the services for which he was paid a $5,000 retainer.

{¶ 13} Nystrom contends that he is entitled to summary judgment on this issue because he did not represent Nalls during his original trial or in his direct appeal, and a petition for postconviction relief is to be filed within 180 days of the date on which the trial transcript is filed in the appellate court in the direct appeal of the conviction. Nystrom contends that Nalls cannot allege failure on Nystrom's part in regard to the filing of a petition for postconviction relief, because Nystrom did not represent Nalls until 1998. We disagree.

{¶ 14} Although a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction," R.C. 2953.21(A)(2), failure to file within 180 days does not disqualify the petition as untimely if the petitioner shows that he was unavoidably prevented from discovering the facts upon which his grounds for relief are based and shows, by clear and convincing evidence, that no reasonable finder of fact would have found him guilty of the offense but for the constitutional error those grounds involve. R.C. 2953.23(A).

{¶ 15} In an affidavit submitted to the trial court, Nalls stated that Nystrom had agreed to prepare and file a petition for postconviction relief on his behalf as part of services for which Nystrom was retained and that Nystrom had failed to file a petition for postconviction relief. Nystrom contends that he "was paid $5,000.00 as a retainer to pursue a motion for a new trial and to get a hearing on

the issue on the merits," and "that was accomplished." In an affidavit submitted to the trial court, Nystrom stated that "[h]e represented Mr. Larry Nalls * * * in an action to seek a new trial from 1998 through 2001, for * * * which he was paid a flat fee of $5,000.00." Nystrom also argues that Nalls "fails to recognize that a motion for a new trial is a form of post-conviction relief."

{¶ 16} Because Nalls has averred that Nystrom was paid to pursue a petition for postconviction relief and Nystrom has averred that he was paid to pursue a motion for a new trial, we conclude that a genuine issue of material fact does exist regarding whether Nystrom agreed to file a petition for postconviction relief as part of the services for which he was paid the $5,000 retainer.

{¶ 17} Nalls further contends that the trial court erred in rendering summary judgment in favor of Nystrom, because there is a genuine issue of material fact whether the motion for a new trial filed by Nystrom was untimely when he filed it 13 months after learning of a witness's recantation of testimony from Nalls's trial. Nalls contends that Nystrom learned of the recantation on June 12, 1998, when he obtained an affidavit from the witness and that Nystrom did not file the motion for a new trial until July 30, 1999, over a year later. It is undisputed that Nystrom notarized the affidavit of the recanting witness on June 12, 1998, and that he filed the motion for a new trial on July 30, 1999. Therefore, we conclude that a genuine issue of material fact does not exist in this regard. The trial court, however, did not deny Nalls's motion for a new trial on the basis of its being untimely filed, but denied the motion based on the trial court's finding that the recanting witness's affidavit and testimony were not credible and did not disclose a strong probability that it would change the result of a new trial, if a new trial were granted. The basis of the trial court's decision rendered the untimeliness of Nalls's motion for a new trial immaterial.

{¶ 18} Regarding the decision reached on Nalls's habeas corpus action in the federal court, we note that Nystrom did not represent Nalls in the federal action and that the habeas corpus petition, as brought pro se by Nalls, was untimely.

{¶ 19} Nalls contends that the trial court erred in rendering summary judgment in favor of Nystrom, because there is a genuine issue of material fact whether Nystrom agreed to pursue an appeal from an adverse decision reached by the trial court, after a hearing on the motion for a new trial, as part of the services for which he was paid the $5,000 retainer. In his affidavit, Nalls avers that Nystrom "refused to prepare or file an appeal from the trial Court's ruling unless he was paid an additional $6,000.00 notwithstanding the Defendant's agreement to perfect same as part of the $5,000.00 he was paid for his representation of [him.]" Nalls also submitted to the trial court the affidavit of his wife at the time, Paraneice Nalls, in which she avers that she paid Nystrom $5,000 in exchange for Nystrom's representation of Nalls, including an agreement by

Nystrom to "prepare and file any appeal that may become necessary in the event of a loss at the trial court level, all of which would be fully covered under the $5,000.00 he was paid." In her affidavit, Paraneice stated that Nystrom "agreed that the $5,000.00 [she] paid him would cover all costs and fees associated with the litigation, from the beginning and all the way through the appellate process."

{¶ 20} Nystrom concedes that he did agree to represent Nalls on appeal from an adverse ruling by the trial court if the trial court were to deny the motion for a new trial without a hearing but contends that he never agreed to represent Nalls on appeal from an adverse ruling by the trial court following a hearing on the motion.

{¶ 21} We conclude that there is a genuine issue of material fact whether Nystrom agreed to pursue an appeal from an adverse decision reached by the trial court after a hearing on the motion for a new trial as part of the services for which he was paid the $5,000 retainer.

{¶ 22} Because we conclude that there are genuine issues of material fact whether Nystrom agreed, as part of the legal services he would perform for Nalls in exchange for the $5,000 retainer, (1) to file a petition for postconviction relief, (2) to pursue an appeal from an adverse decision reached by the trial court after a hearing on the motion for a new trial, or (3) both of the above, we conclude that the trial court erred in rendering summary judgment in favor of Nystrom.

{¶ 23} Nalls's first assignment of error is sustained.

### III

{¶ 24} Nalls's second assignment of error is as follows:

{¶ 25} "The lower court violated the appellant's First, Fifth and Fourteenth Amendment rights when it granted the appellee summary judgment based on the appellants [sic] failure to produce expert testimony where the claimed breach of duty was well within the common understanding of layman [sic] on the jury."

{¶ 26} Nalls contends that the trial court erred in rendering summary judgment in favor of Nystrom on the basis of Nalls's failure to provide expert testimony, because expert testimony is not required where the claimed breach of professional duty is within the common understanding of laymen. We agree.

{¶ 27} Although expert testimony is generally required to establish professional standards of performance, the testimony of an expert is not necessary where the claimed breach of professional duty is within the common understanding of the laymen on the jury. *McInnis v. Hyatt Legal Clinics* (1984), 10 Ohio St.3d 112, 113, 10 OBR 437, 461 N.E.2d 1295.

{¶ 28} The claimed breach of professional duty by Nalls is that Nystrom failed to adhere to the terms of an agreement reached with Nalls when he failed to file a petition for postconviction relief and failed to represent Nalls on appeal from the trial court's decision denying Nalls's motion for a new trial, as Nystrom allegedly agreed to do in exchange for the $5,000 retainer he was paid. There is no dispute that Nystrom failed to perform either of these services, the dispute being limited to whether these services were included within the scope of the services that Nystrom had agreed to perform.

{¶ 29} We conclude that expert testimony is not necessary in this case, because the claimed breach of professional duty is well within the common understanding of laymen. Whether the unperformed services were within the scope of the services that Nystrom agreed to perform is a straightforward issue of fact to be resolved under the general laws of contract; no expert testimony concerning the standards of care pertaining to the legal profession would be either necessary or especially helpful to the jury in resolving these issues of fact.[1] Therefore, we conclude that the trial court erred in rendering summary judgment in favor of Nystrom on the basis of Nalls's failure to provide expert testimony.

{¶ 30} Nalls's second assignment of error is sustained.

IV

{¶ 31} Nalls's third assignment of error is as follows:

{¶ 32} "The lower court violated the appellant's First, Fifth and Fourteenth Amendment rights when it continuously allowed the appellee to violate the applicable Rules of Civil Procedure during the lower court proceedings in this case and cause."

{¶ 33} Nalls contends that the trial court erred in allowing Nystrom to continually violate the Rules of Civil Procedure regarding the improper service of pleadings upon Nalls and in failing to conduct a judicial inquiry into Nystrom's act of perjury.

{¶ 34} In July 2002, Nalls filed a motion for sanctions against Nystrom for failing to properly serve Nalls with his answer to Nalls's complaint. Nystrom filed a memorandum opposing sanctions and attached an affidavit in which he averred as follows:

---

1. By contrast, if it should be found that either or both of these services were, in fact, within the scope of the legal services that Nystrom had agreed to provide, the issues of proximate cause and damages resulting from the breach of contract would likely be matters where expert testimony would be at least helpful to the jury, if not necessary to their resolution of these issues.

{¶ 35} "[I] submitted a copy of [my] Answer and Counterclaims to Plaintiff by ordinary U.S. mail on 30 April 2002, the date of filing of same. Upon return from the office of the Clerk of Court, where the Answer was filed and time-stamped by the Clerk, one copy each of [my] Answer was placed in an envelop [sic], addressed to each Plaintiff at their respective addresses as given in their Complaint, weighed so that sufficient postage was affixed to the envelopes, and placed in a U.S. mail box for deliver by the U.S. postal system.

{¶ 36} "[I have] no knowledge or explanation as to why or how the respective envelopes failed to arrive at Plaintiffs' addresses, as claimed by plaintiffs.

{¶ 37} "[I aver] that there was no willful failure on [my] part to attempt to provide copies of same to Plaintiffs."

{¶ 38} The trial court denied Nalls's motion for sanctions, finding that "[t]he Defendant has filed an affidavit swearing that the Answer was sent to the Plaintiff and there is no indication that the Plaintiff has been prejudiced in any form by his alleged failure to receive the Answer."

{¶ 39} Nalls also filed a motion for judicial inquiry into Nystrom's alleged act of perjury, which the trial court denied.

{¶ 40} Thereafter, Nalls filed three more motions for sanctions against Nystrom, as well as an additional motion for judicial inquiry. The trial court did not explicitly rule on these motions and therefore implicitly overruled them.

{¶ 41} We conclude that Nalls has failed to demonstrate any prejudice. Nalls contends that "the Trial Court did not allow additional time on issues of discovery involving the Appellee's expert and the Appellant was in fact prejudiced by same." The record shows that at no point did Nalls request an extension of time for discovery. The record does show that the trial court did grant, on two occasions, an extension of time to the parties to file a motion for summary judgment.

{¶ 42} Because Nalls has failed to demonstrate any prejudice, we conclude that the trial court did not err in overruling Nalls's motions.

{¶ 43} Nalls's third assignment of error is overruled.

V

{¶ 44} Nalls's first and second assignments of error having been sustained and his third assignment of error having been overruled, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WOLFF and FREDERICK N. YOUNG, JJ., concur.