OPINION
{¶ 1} Cedric J. Marbury appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to attorney Gary C. Schaengold.
 {¶ 2} The essential facts are undisputed. Marbury hired Schaengold to represent him in an appeal from his convictions for felonious assault and kidnapping for a fee of $2,500. This agreement was not reduced to writing. After reviewing the record, Schaengold filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, claiming that he could not find any issues with potential merit for appeal. He did brief several potential issues, however, one of which we found not to be wholly frivolous. Accordingly, we appointed new appellate counsel to brief the arguably meritorious issue. Marbury's conviction was ultimately affirmed. State v.Marbury, Montgomery App. No. 19226, 2003-Ohio-3242.
 {¶ 3} On May 6, 2004, Marbury filed a complaint against Schaengold that alleged legal malpractice, breach of contract, fraud, and negligent infliction of emotional distress. In response, Schaengold filed a motion to dismiss. The trial court converted the motion to dismiss into a motion for summary judgment because the motion relied on materials outside the pleadings, namely the Anders brief, our decision and entry finding arguable merit to one of the issues set forth in theAnders brief, and our opinion affirming the conviction. Marbury filed a motion in opposition to summary judgment. On February 3, 2005, the trial court granted summary judgment to Schaengold.
 {¶ 4} Marbury raises four assignments of error on appeal. The first three assignments challenge whether summary judgment on his malpractice claim was properly granted. He argues that Schaengold's evidence in support of his motion did not establish that Schaengold had satisfied his duty of care.
 {¶ 5} To establish a cause of action for legal malpractice, one must show that (1) the attorney owed a duty or obligation to the plaintiff, (2) there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) there is a causal connection between the conduct complained of and the resulting damage or loss. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 427, 674 N.E.2d 1164. The attorney's duty is to "exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.]" Palmer v. Westmeyer (1988),48 Ohio App.3d 296, 298, 549 N.E.2d 1202.
 {¶ 6} In the context of an Anders brief, an attorney is required to conduct a diligent and conscientious investigation of his client's possible grounds for appeal before determining that the appeal is frivolous and asking the court's permission to withdraw. Anders, 87 S.Ct. at 1399. This procedure is meant to reconcile the constitutional right of an appellant to the assistance of counsel in presenting his defense with the ethical prohibition against attorneys, as officers of the court, presenting a frivolous defense. In re Booker (1999),133 Ohio App.3d 387, 390, 728 N.E.2d 405, citing Freels v. Hills (C.A.6, 1988), 843 F.2d 958.
 {¶ 7} Summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); State ex rel.Grady v. State Emp. Relations Bd., 78 Ohio St.3d 181, 183, 1997-Ohio-221, 677 N.E.2d 343; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264. If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.; see Civ.R. 56(E).
 {¶ 8} Schaengold's brief demonstrated that he had conducted a comprehensive review of the record and had considered numerous possible bases for appeal, as was his duty. In several respects, Marbury failed to rebut Schaengold's assertion that there was no genuine issue of material fact as to whether Schaengold had committed malpractice. Although the filing of an Anders brief indicates the attorney's conclusion that there are no meritorious issues to appeal, it nonetheless reflects a comprehensive and diligent review of the record. It also requires a discussion of the issues that the attorney considered raising and an explanation of his conclusion that it would be frivolous to do so. See Anders, 87 S.Ct. at 1400. Thus, an Anders brief does not involve any less work on the attorney's part than any other brief. The distinction lies in conclusions drawn by the attorney. In other words, the filing of an Anders brief is not inconsistent with competent representation.
 {¶ 9} Marbury obviously disagreed with Schaengold's conclusion that there were no meritorious issues for appeal, but he did not present any evidence to rebut Schaengold's evidence that he had conducted a thorough and competent review of the record. Thus, Marbury failed to create a genuine issue of material fact as to whether Schaengold had breached his duty. Insofar as Marbury's conviction was ultimately affirmed on appeal, Marbury also failed to establish that he suffered any harm from the alleged breach.
 {¶ 10} Marbury attempts to distinguish between ineffective assistance of counsel for Sixth Amendment purposes and a breach of duty relevant to malpractice, arguing that Supreme Court jurisprudence on ineffective assistance "can not [sic] be seriously * * * intend[ed] to limit breach of contract claims between clients and attorneys." We agree with Marbury's premise on its face, but we believe that he is confusing his malpractice and breach of contract claims. The showings required for ineffectiveness and malpractice are similar, but the elements of breach of contract and ineffective assistance claims are substantially different. We will address his breach of contract claim below.
 {¶ 11} The first, second, and third assignments of error are overruled.
 {¶ 12} Under his fourth assignment of error, Marbury claims that the trial court improperly handled the motion for summary judgment as if he, rather than Schaengold, had the initial burden of proof on his claims of breach of contract, fraud, and negligent infliction of emotional distress. In his motion, Schaengold asserted that Marbury had failed to show prejudice arising from their attorney-client relationship and had failed to allege actual malice, as required for a finding of fraud.
 {¶ 13} In granting summary judgment on the breach of contract claim, the trial court concluded that Marbury had not submitted any evidence that the retainer agreement required Schaengold to refund the retainer if he did not find any meritorious issues to appeal. Insofar as Schaengold had conducted "a diligent and conscientious investigation" of the case and had prepared a brief based upon that investigation, the court concluded that Marbury had not created a genuine issue of material fact as to his entitlement to a refund. With respect to fraud, the court concluded that Schaengold could not have known, when they entered in to the agreement, that "he would be unable to proceed ethically." Therefore, Schaengold did not misrepresent a fact, knowing it to be false, to induce Marbury to enter into the agreement, as would be required to sustain a claim for fraud. Finally, the court concluded that the circumstances surrounding Marbury's claim for intentional infliction of emotional distress did not fit within Ohio's definition of that claim. See Pathanv. Pathan, Montgomery App. No. 20926, 2006-Ohio-43, ¶ 27, citingHeiner v. Moretuzzo (1995), 73 Ohio St.3d 80, 652 N.E.2d 664
("Traditionally Ohio has recognized a cause of action for negligent infliction of emotional distress only where plaintiff is faced with actual physical peril or the perceived threat of physical peril.").
 {¶ 14} We find no fault with the trial court's conclusion that there was no genuine issue of material fact as to breach of contract, fraud, and intentional infliction of emotional distress. Schaengold correctly asserted that Marbury had failed to allege facts substantiating all of the elements of his claims, and Marbury failed to come forward with such evidence in response to the motion for summary judgment. Schaengold's documentation of his work on the appeal was sufficient to shift the burden to Marbury. Marbury did not meet his reciprocal burden. As such, the trial court did not err in granting summary judgment.
 {¶ 15} The fourth assignment of error is overruled.
 {¶ 16} The judgment of the trial court will be affirmed.
Brogan, J. and Glasser, J., concur.
(Hon. George Glasser, Retired from the Sixth Appellate District, Sitting by assignment of the Chief Justice of the Supreme Court of Ohio).