OPINION
{¶ 1} Plaintiff-appellant Larry Nalls appeals, pro se, from a directed verdict rendered against him on his claim for legal malpractice against attorney Richard A. Nystrom. Nalls contends that the trial court erred by directing the verdict, because he presented evidence sufficient to send the matter to the jury. He further contends that the trial court erred by preventing him from presenting evidence regarding the termination of his federal habeas corpus action.
 {¶ 2} We conclude that Nalls failed to present evidence to support a claim of legal malpractice and that the trial court, thus, did not err in directing the verdict. We further find that any error with regard to evidentiary issues is rendered moot. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Nalls was convicted of two counts of Rape in 1989. His conviction and sentence was affirmed by this court. See, Statev. Nalls (Nov. 7, 1991), Montgomery App. No. 12624. In 1998, Nalls retained attorney Richard Nystrom to represent him with regard to seeking relief from his conviction. Nystrom filed a motion for a new trial on behalf of Nalls. The trial court conducted a hearing on the motion, but ultimately denied relief from conviction. See, Nalls v. Nystrom, 159 Ohio App. 3d 200,2004-Ohio-6230, ¶ 6.
 {¶ 4} Nystrom filed a notice of appeal to this court and requested that we appoint substitute counsel to represent Nalls. Id. Nalls declined substitute counsel and proceeded pro se. Id. The record also indicates that, at the same time, Nalls terminated Nystrom's representation. We affirmed the judgment of the trial court. Id.
 {¶ 5} Thereafter, Nalls filed a complaint for legal malpractice against Nystrom. "While [the malpractice] case was pending, Nalls brought a habeas corpus action in federal court, which was dismissed with prejudice as being barred by the statute of limitations." Nalls, supra, at ¶ 7. The trial court rendered summary judgment against Nalls on his claim. Id. at ¶ 8. Nalls appealed on the grounds that the evidence established genuine issues of material fact. We agreed, and reversed the summary judgment and remanded for further proceedings. Id.
 {¶ 6} On remand, the case proceeded to jury trial. Nalls presented the testimony of his ex-wife. He also called Nystrom, as if on cross-examination. At the close of Nalls's case, Nystrom requested the trial court to enter a directed verdict. The trial court concluded that Nalls had failed to present any evidence to support a finding that any breach of duty proximately caused damage to Nalls. Accordingly, the trial court rendered a directed verdict in favor of Nystrom. From this judgment, Nalls appeals.
 II {¶ 7} Nalls's First Assignment of Error is as follows:
 {¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR, AND VIOLATED MR NALLS' FIRST, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS WHEN IT GRANTED MR. NYSTROM'S MOTION FOR A DIRECTED VERDICT NOTWITHSTANDING THE EVIDENCE THAT WAS PRESENTED FROM WHICH THE JURY COULD HAVE RULED IN MR. NALLS' FAVOR."
 {¶ 9} Nalls contends that the trial court erred by directing a verdict on his claim for legal malpractice. In support, he argues that the evidence presented was sufficient to permit the issue to reach the jury.
 {¶ 10} Directed verdict motions are governed by Civ.R. 50(A)(4), which provides:
 {¶ 11} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 12} "The question to be determined involves a test of the legal sufficiency of the evidence to take the case to the jury, and is a question of law, not of fact." Hargrove v. Tanner
(1990), 66 Ohio App.3d 693, 695. Accordingly, the issue is the legal sufficiency of the evidence, rather than its weight, or the credibility of the witnesses. Ruta v. Breckenridge-Remy Co.
(1982), 69 Ohio St.2d 66, 67-68. A reviewing court must conduct a de novo review of a trial court's grant of a directed verdict.Schafer v. RMS Realty (2000), 138 Ohio App.3d 244, 257.
 {¶ 13} With this standard in mind, we now address Nall's claim that he presented sufficient evidence to support his claim of legal malpractice.
 {¶ 14} In order to establish a claim for legal malpractice, a plaintiff must demonstrate that: (1) the attorney owed a duty or obligation to the plaintiff; (2) there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law; and (3) there is a causal connection between the conduct complained of and the resulting damage or loss. Marbury v. Schaengold, Montgomery App. No. 21120,2006-Ohio-1814, ¶ 5.
 {¶ 15} In this case, the evidence establishes that Nalls retained Nystrom to represent him in some capacity with regard to post-conviction matters. Thus, the evidence establishes an attorney-client relationship that gives rise to a duty. The dispute in this case involves the question of breach and proximate cause.
 {¶ 16} Nalls contends that Nystrom breached his duty of representation because Nystrom was hired, but failed, to file a petition for post-conviction relief.[1] Nystrom contends that he was not hired specifically to prepare a petition for post-conviction relief. Instead, he contends that he was retained to determine whether there were grounds for relief from Nalls's conviction and, if so, to pursue that relief by whatever means were most appropriate.
 {¶ 17} We have reviewed the record in its entirety. We cannot say that Nystrom was retained with the specific purpose of pursuing a petition for post-conviction relief in contradistinction to the motion for new trial, which Nystrom did pursue. The evidence presented on this issue consists of the testimony of Nystrom and Nalls's ex-wife. Nalls's ex-wife merely indicates that she retained Nystrom, on behalf of Nalls, to get "a post-conviction relief." She did not testify that she informed Nystrom that he was required to file a petition for post-conviction relief pursuant to R.C. 2953.21. Indeed, her testimony indicated that she was not aware what was involved in seeking relief under R.C. 2953.21, and she was not aware that there could be more than one means of obtaining post-conviction relief. At best, the evidence supports a finding that Nystrom was retained to pursue some form of relief not specified by the parties. Thus, we cannot say that the evidence supports Nalls's claim as to breach, and therefore, we conclude that the trial court did not err in directing the verdict in favor of Nystrom.
 {¶ 18} Additionally, even if Nystrom were hired for the sole purpose of filing a petition for post-conviction relief, we cannot conclude that his decision to pursue, instead, the motion for a new trial constitutes a breach of his duties to Nalls. Nalls's claim for relief was based upon the contention that his conviction was rendered invalid by the fact that an eyewitness to the crime, who testified adversely to him at trial, later recanted his trial testimony. There is no evidence in the record to indicate that, as between a motion for a new trial or a petition for post-conviction relief, one method is more preferable or more efficacious than the other for the purpose of presenting this type of evidence to the trial court when seeking relief from a conviction.
 {¶ 19} Either method would seek a hearing before the trial court for determination on the merits of the claim for relief. Indeed, Nystrom did secure a hearing on the matter, and was able to present the evidence to the trial court. The trial court simply did not find the evidence credible. Had Nystrom presented the evidence via a petition for post-conviction relief, the evidence would be the same and the matter would have been heard by the same trial judge who would, presumably, have reached the same conclusion.
 {¶ 20} Furthermore, in Nalls v. Nystrom, supra, this court stated that "if it should be found that either [a motion for a new trial or a petition for post-conviction relief] were, in fact, within the scope of the legal services that Nystrom had agreed to provide, the issues of proximate cause and damages * * * would likely be matters where expert testimony would be at least helpful to the jury, if not necessary to their resolution of these issues." Id. at ¶ 29, FN 1. Nalls failed to present any expert testimony with regard to proximate cause or damages.
 {¶ 21} The First Assignment of Error is overruled.
 III {¶ 22} The Second Assignment of Error provides as follows:
 {¶ 23} "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR, AND VIOLATED MR. NALLS' FIRST, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS WHEN IT REFUSED TO ALLOW MR. NALLS THE OPPORTUNITY TO QUESTION MR. NYSTROM, AND/OR INTRODUCE EVIDENCE ON THE ISSUE OF PROXIMATE CAUSE AND DAMAGE INVOLVING MR. NALLS' LOSS OF HIS RIGHT TO FEDERAL COURT HABEAS CORPUS REVIEW."
 {¶ 24} Nalls contends that the trial court erred by preventing the introduction of evidence regarding his federal habeas corpus action. He argues that Nystrom failed to protect his right to federal review of his conviction by failing to file a petition for post-conviction relief. Thus, at trial he attempted to introduce copies of the federal judgments on his writ for habeas corpus and he also attempted to subpoena a federal magistrate and a federal judge to testify as experts at his trial.
 {¶ 25} Given our resolution in Part II above, wherein we find that Nalls failed to establish a breach of duty, we conclude that this argument as to proof of damages is rendered moot. Therefore, the second Assignment of Error is overruled as moot.
 IV {¶ 26} Both of Nalls' assignments of error having been overruled, the judgment of the trial court is Affirmed.
Wolff and Glasser, JJ., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Although not specifically cited by Nalls, it appears that he is referring to the post-conviction relief codified at R.C.2953.21.