OPINION
{¶ 1} Plaintiff-appellant John Wells appeals from the November 30, 2004, Judgment Entry of the Mansfield Municipal Court granting summary judgment to defendants-appellees Visual Security Concepts, Inc. and Thomson Consumer Electronics, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In January of 2000, appellant purchased a television set from appellee Visual Security Concepts, Inc. The television was manufactured by appellee Thomson Consumer Electronics, Inc. At the time of the sale, appellees provided appellant with a Limited Warranty and limitation of remedies stating, in relevant part, as follows:
 {¶ 3} "Limited Warranty
 {¶ 4} "What your warranty covers:
 {¶ 5} "Any defect in materials or workmanship.
 {¶ 6} "For how long after your purchase:
 {¶ 7} "90 days for labor charges.
 {¶ 8} "One year for parts.
 {¶ 9} "Two years for picture tube.
 {¶ 10} "What we will do:
 {¶ 11} "Pay any Authorized Television Service Center the labor charges to repair your television.
 {¶ 12} "Pay any Authorized Television Service Center for the new or, at your option, refurbished replacement parts and picture tube required to repair your television."
 {¶ 13} On or about June 23, 2003, appellant sent a letter to appellee Visual Security Concepts advising it that, commencing three weeks earlier, he had started having trouble with his television set. Appellant specifically alleged that his television set began losing its signal while making a loud buzzing noise. Appellant, on or about August 15, 2003, also sent a letter to appellee Thomson Consumer Electronics, claiming that the television malfunction was a "manufacturer's defect caused by the unit's design." Pursuant to a letter to appellant dated September 6, 2003, appellee Thomson Consumer Electronics informed appellant that the written warranty on the television set had expired and that he would be responsible for any service charges.
 {¶ 14} Thereafter, appellant, on June 29, 2004, filed a complaint against appellees in the Mansfield Municipal Court, alleging that appellees had breached their warranty to appellant. Appellant sought both compensatory and punitive damages. Appellees filed a Motion for Summary Judgment, asserting that appellant's claim was time-barred by the statute of limitations contained in R.C. 1302.98 and by the express Limited Warranty and limitation of damages. Pursuant to a Judgment Entry filed on November 30, 2004, the trial court granted appellees' motion stating, in relevant part, as follows:
 {¶ 15} "This matter involves a dispute between the parties regarding a television and a limited warranty question. The claim on the limited warranty was not filed by the Plaintiff until after the 1 year term of the warranty had expired.
 {¶ 16} "The Court finds that the ORC Section 1302.98 does apply, however, the contractual relationship between the parties is expressly effected by the use of a "limited" warranty of one year. The warranties explicitly extended to future performance for a period of one year. Under section 1302.98, the cause of action accrued when Plaintiff/buyer discovered or should have discovered that the television was defective, so long as the defect arose within the warranty period. The law specifically has determined that the breach theoretically occurs when tender of delivery is made, unless the warranty explicitly extends future performance of the goods sold. That is not the case herein."
 {¶ 17} It is from the trial court's November 30, 2004, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 18} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S RIGHT TO LEGAL REMEDY AND TO ACCESS COURTS BY GRANTING SUMMARY JUDGMENT TO THE APPELLEES WHEN THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT; WHEN THE GENUINE ISSUE OF MATERIAL FACT IS A QUESTION FOR THE JURY, WHICH HAD BEEN DEMANDED, OUTSIDE OF THE LAWFUL AUTHORITY OF THE TRIAL COURT TO DETERMINE; AND WHEN THE GENUINE ISSUE OF MATERIAL FACT MUST FIRST BE DETERMINED IN ORDER TO REACH OR DETERMINE THE ISSUE OF WHETHER THE ACTION WAS FILED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS."
 STANDARD OF REVIEW {¶ 19} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 20} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, 674 N.E.2d 1164, citing Dresher v. Burt,75 Ohio St.3d 280, 295, 1996-Ohio-107, 662 N.E.2d 264.
 {¶ 21} It is pursuant to this standard that we review appellant's assignment of error.
 I {¶ 22} Appellant, in his sole assignment of error, argues that the trial court erred in granting summary judgment to appellees. We disagree.
 {¶ 23} As is stated above, the trial court granted summary judgment to appellees, holding that appellant's claim was barred by the statute of limitations in R.C. 1302.98. Revised Code 1302.98 states, in relevant part, as follows:
 {¶ 24} "(A) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
 {¶ 25} "(B) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered."
 {¶ 26} The four year statute of limitations of R.C.1302.98(A) governs claims for property damage when, as in the case sub judice, the transaction concerns a sale of goods. SeeWestfield Ins. Co. v. HULS Am., Inc. (1998),128 Ohio App.3d 270, 289, 714 N.E.2d 934,946. Pursuant to R.C. 1302.98, the cause of action accrues when a plaintiff discovered, or should have discovered, the defect in the product so long as the discovery arose during the warranty period. Id. at 289, citing Std.Alliance Industries, Inc. v. Black Clawson Co. (C.A.6 1978),587 F.2d 813, 821.
 {¶ 27} In the case sub judice, appellant purchased the television set in January of 2000. Appellees expressly warranted the television set for a period of one year, thus the warranty extended to future performance for one year, or until January of 2001. However, appellant did not discover the alleged defect until June of 2003, which is more than two years after the one year express warranty expired. Because the defect did not arise within the warranty period, appellant's cause of action under R.C. 1302.98 did not accrue when appellant discovered or should have discovered that the goods are defective. Rather, pursuant to R.C. 1302.98(B), the breach accrued when the tender of delivery of the television set was made in January of 2000. Pursuant to the four year statute of limitations contained in R.C.1302.98(A), appellant had until January of 2004 to file his complaint. Because appellant did not file his complaint against appellees until June of 2004, appellant's complaint was time barred by the four year statute of limitations in R.C. 1302.98.
 {¶ 28} Based on the foregoing, appellant's sole assignment of error is overruled.
 {¶ 29} Accordingly, the judgment of the Mansfield Municipal Court is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is affirmed. Costs assessed to appellant.