[Cite as *Foster v. Wells Fargo Fin. Ohio, Inc.*, 195 Ohio App.3d 497, 2011-Ohio-4632.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95427**

## FOSTER,

APPELLANT,

v.

## WELLS FARGO FINANCIAL OHIO, INC.,

APPELLEE.

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-722437

**BEFORE:**   S. Gallagher, J., Sweeney, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   September 15, 2011

**APPEARANCES:**

Ronald Foster, pro se.

Thompson Hine, L.L.P., Nicole K. Wilson, and Scott A. King, for appellee.

SEAN C. GALLAGHER, Judge.

{¶ 1}  Plaintiff-appellant, Ronald Foster, appeals the trial court's judgment granting the motion to dismiss of defendant-appellee Wells Fargo Financial Acceptance, Inc. ("Wells Fargo").  For the following reasons, we affirm the judgment in part and reverse it in part, and we remand the cause for further proceedings consistent with this opinion.

{¶ 2}  In 2003, Foster entered into a contract to purchase a 2003 Chevrolet Malibu from Ganley Chevrolet in Cleveland, Ohio.  He made a $900 down payment on the car and financed the remaining balance through Wells Fargo, borrowing the principal amount of $12,019.82 plus interest at a rate of 17.15 percent per year.  The loan was amortized over 60 months with payments of $299.69 per month.  According to the complaint, the financing agreement included the term that "the plaintiff may only be deemed in default of the terms of the contract if the plaintiff fails to perform any obligation under the contract or the defendant believes that the plaintiff cannot or will not pay or perform the obligation of the contract."

{¶ 3}  Foster made timely payments for the first few years but failed to make his monthly payment in January 2006.  Wells Fargo concedes that Foster made payments in

the amount of $300 each for the months of February and April 2006. Although Wells Fargo claims that it did not receive payment for March, Foster attached to the complaint a copy of a postal-money-order receipt paid to Wells Fargo in the amount of $300 and dated March 14, 2006. Despite Foster's having made payments of $300 a month in February, March, and April, Wells Fargo claims that Foster continued to be in arrears on his January payment. Consequently, it repossessed his car on May 6, 2006, and sold it at auction. Foster alleges that he never defaulted on the loan and that Wells Fargo repossessed the vehicle without notice based on his suggestion that they had misrepresented that the car was a 2003 model while knowing that it was really a 2002 model.

{¶ 4} Foster, pro se, filed suit against Wells Fargo on March 26, 2010, inconspicuously alleging breach of contract, fraud, and defamation. Wells Fargo filed a motion to dismiss the complaint, arguing that Foster's claims were barred by the applicable statutes of limitations. The trial court agreed and granted the motion. Foster, pro se, now appeals and raises seven assignments of error.

{¶ 5} In his first assignment of error, Foster argues that the trial court erred in dismissing his complaint pursuant to Civ.R. 12(B)(6). In his seventh assignment of error, Foster contends that the trial court erred in dismissing his complaint because the statute of limitations had not expired pursuant to the discovery rule. Because these two assignments of error are interrelated, we address them together.

**{¶ 6}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp*., 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. Id.

**{¶ 7}** The complaint, albeit inartfully, alleges four identifiable causes of action: "breach of contract," "libel or slander," "violation of the Consumer Sales Practices Act ('CSPA')," and "fraud." Foster also advanced a claim that he titled "Sufficiency of evidence," although no such claim is recognized under Ohio law. Foster's allegations can be divided into two groups for purposes of this appeal. The first group consists of the allegations of fraud, failure to credit his account for payments made, and charging an excessive interest rate, which conceivably set forth claims for violation of the CSPA as well as breach of contract for the sale of goods.

**{¶ 8}** Foster also advanced claims for breach of contract based on the wrongful repossession of his vehicle and defamation based on Wells Fargo's statement to the credit-reporting agencies. The defamation and wrongful-repossession allegation will be addressed separately from the first group of claims. All these claims, except the breach of

contract based on the wrongful repossession and defamation, are barred by the applicable statutes of limitations.

**{¶ 9}** As it relates to the first group of Foster's claims, the statute of limitations for violations of the CSPA is two years from the occurrence of the violation, or one year after termination of the proceedings with the attorney general with respect to the violation, whichever is later. R.C. 1345.10(C). Foster signed the retail-installment contract to obtain financing through Wells Fargo on June 30, 2003. Wells Fargo repossessed the car on May 6, 2006. Shortly thereafter, Foster notified the Pennsylvania attorney general of his complaints.

**{¶ 10}** In a letter dated March 6, 2007, an agent of the attorney general's office notified Foster that after investigating his allegations, their attempts to resolve his complaint were unsuccessful because they "are unable to compel or force a company to resolve a dispute if they do not wish to cooperate." The agent further advised Foster that "[he] may have a valid civil claim" and stated, "If you wish to pursue this matter, it is advisable that you consult with private legal counsel." Foster did not file the complaint until March 26, 2010, almost seven years after delivery of the vehicle, four years after his car was repossessed, and three years after the attorney general's office concluded its proceedings on Foster's claims. Therefore, Foster's consumer claims are barred by the two-year statute of limitations under the CSPA, and the trial court properly dismissed those claims.

{¶ 11} Foster's first breach-of-contract claim is based on the alleged misrepresentation of the model year of the car and the terms of the retail-installment contract. R.C. 1302.98(A) provides a four-year statute of limitations for breach of sales contracts, which begins to run when the cause of action accrues. R.C. 1302.98(B) provides that "a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Further, "[a] breach of warranty occurs when tender of delivery is made." Thus, there is no discovery rule or some other tolling doctrine applicable to the statute of limitations for breach of contract for the sale of goods.

{¶ 12} Foster entered into the contract for the sale of the car and received delivery of the car on July 30, 2003. Therefore, the statute of limitations on his breach-of-contract claim expired on July 30, 2007, and the trial court did not err by dismissing those claims.

{¶ 13} Foster's fraud claim is based on his allegation that he purchased a 2003 vehicle that was actually a 2002 model. The statute of limitations for fraud is four years after the cause accrued. R.C. 2305.09. A fraud cause of action does not accrue until the plaintiff discovers or should have discovered the fraud. Id.; *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, paragraph 2(b) of the syllabus. Foster took possession of the vehicle on June 30, 2003, and had access to the vehicle identification number, which is all that is necessary to determine the vehicle's model year.

Therefore, the statute of limitations on his fraud claim expired on July 30, 2007, and the fraud claim was properly dismissed.

{¶ 14} Finally, we now address the second group of Foster's allegations. Foster asserted a claim for breach of contract based on Wells Fargo's alleged wrongful repossession of his vehicle, the statute of limitations for which is four years pursuant to R.C. 1302.98(A). Foster claims to have been current with all payments prior to the repossession. Wells Fargo repossessed the vehicle on May 6, 2006. When considering the allegations of the complaint in a light most favorable to Foster, as we must, Wells Fargo's repossession of the vehicle breached the terms of the agreement. It is immaterial that Wells Fargo first notified Foster of the overdue payment in January 2006. The notice of a possible late payment is not a breach of the contract in and of itself. In light of the allegation that Foster remained current on his loan obligations, Wells Fargo had no statutory or contractual authority to repossess the vehicle on May 6, 2006. Thus, the breach of contract accrued on the date of the repossession. Foster filed his March 26, 2010 complaint within the four-year statute of limitations provided by R.C. 1302.98, and we must sustain this portion of Foster's first and seventh assignments of error.

{¶ 15} Foster also alleges that Wells Fargo reported to unidentified credit bureaus that he was in default, which damaged his credit record and made it impossible for him to obtain financing to purchase another vehicle. These allegations conceivably allege claims for libel or slander. R.C. 2305.11 requires that an action for libel or slander, which includes defamation, be brought within one year after the cause of action accrued. A

cause of action for defamation accrues upon the date of publication of the defamatory matter or at the time the words are spoken. *Lewis v. Delaware Cty. Joint Vocational School Dist.*, 161 Ohio App.3d 71, 2005-Ohio-2550, 829 N.E.2d 697, and *Altier v. Valentic*, Geauga App. No. 2003-G-2521, 2004-Ohio-5641.

{¶ 16} According to the complaint, Wells Fargo notified Foster in a letter dated January 4, 2006, that it might be submitting a negative credit report of his default to a credit-reporting agency. In order to determine whether the statute of limitations expired in reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6), the date the statement was published or spoken must be included in the complaint. Wells Fargo, in its motion to dismiss, relied on facts outside the complaint. Foster did not include any date in his complaint that could substantiate when Wells Fargo actually reported his default to the credit-reporting agency. We accordingly must sustain this portion of Foster's first and seventh assignments of error.

{¶ 17} The first and seventh assignments of error are overruled in part and sustained in part.

Right to a Jury Trial

{¶ 18} In his second assignment of error, Foster argues that the trial court erred by dismissing his claims without submitting his case to a jury. In the fifth and sixth assignments of error, Foster argues that the trial court erred in refusing to permit him to offer oral testimony in support of his breach-of-contract claim because there was insufficient evidence in the record upon which the court could have made factual

determinations.    Foster implies that the trial court denied his constitutional right to a jury trial.

{¶ 19} Section 16, Article I, of the Ohio Constitution provides that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."   Nevertheless, the constitutional right to access to the courts is not unlimited.   In *Chambers v. Merrell-Dow Pharmaceuticals* (1988), 35 Ohio St.3d 123, 132, 519 N.E.2d 370, the Ohio Supreme Court explained as follows:

> The right of "every person" to bring an action in an Ohio court is not an unlimited, absolute guarantee that every cognizable claim filed in a court of general jurisdiction will be litigated to a final conclusion in such court. Litigants may find their claims barred by a reasonable statute of limitations, stayed by lawful injunction, dismissed by summary judgment and tempered by any number of other devices consonant with due process or "due course of law."

{¶ 20} Thus, a statute of limitations does not deny access to the courts, but limits that right to a reasonable period of time depending on the type of claim as prescribed by statute.   Similarly, dismissal of claims pursuant to procedural rules does not violate one's right to a legal remedy.   *Wells v. Visual Sec. Concepts, Inc.*, Richland App. No. 04-CA-118, 2005-Ohio-4272, ¶ 27 (holding that the trial court did not err to the prejudice of the appellant's right to legal remedy and to access courts by granting summary judgment because the plaintiff's claims were barred by the statute of limitations).

**{¶ 21}** Foster was not denied his constitutional right to a jury trial. He had access to the court until the applicable statutes of limitations expired, but he failed to bring his claims within the required time.

**{¶ 22}** Accordingly, the second, fifth, and sixth assignments of error are overruled.

New Arguments on Appeal

**{¶ 23}** In his third assignment of error, Foster attempts to reclassify his claims as an "action on account" for the first time on appeal. In the fourth assignment of error, he attempts to raise a claim under the Fair Debt Collection Practices Act for the first time on appeal.

**{¶ 24}** A litigant's failure to raise an argument in the trial court waives the litigant's right to raise the issue on appeal. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, overruled on other grounds in *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 692 N.E.2d 581; *Maust v. Meyers Prods., Inc.* (1989), 64 Ohio App.3d 310, 581 N.E.2d 589 (failure to raise an issue in the trial court waives a litigant's right to raise that issue on appeal). Because Foster failed to raise these claims in the trial court, he has waived these claims on appeal.

**{¶ 25}** Therefore, the third and fourth assignments of error are overruled.

Judgment affirmed in part

and reversed in part,

and cause remanded.

SWEENEY, P.J., concurs.

CONWAY COONEY, J., concurs in part and dissents in part.

COLLEEN CONWAY COONEY, Judge, concurring in part and dissenting in part.

{¶ 26} I concur in the majority opinion except for its creation and reversal of a separate claim for wrongful repossession. Such a claim is not set forth in the arguments Foster raises on appeal. In fact, Foster argues in his appellate brief, "Instead of applying his payment, Wells Fargo placed the loan in repossession." Even Foster understands that the repossession was connected to the loan payments being credited pursuant to his contract, not some separate action standing as a second breach-of-contract claim, as the majority contends. Therefore, I dissent on this point and would affirm in toto.

———————————