[Cite as *Perk v. Tomorrows Home Solutions, L.L.C.*, 2016-Ohio-7784.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104270

---

## JAMES PERK

### PLAINTIFF-APPELLANT

vs.

## TOMORROWS HOME SOLUTIONS, L.L.C., D.B.A. OHIO BASEMENT SYSTEMS

### DEFENDANT-APPELLEE

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-825765

**BEFORE:** Keough, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 17, 2016

**ATTORNEY FOR APPELLANT**

Daniel S. White
34 Parmalee Drive
Hudson, Ohio 44236


**ATTORNEYS FOR APPELLEE**

Scott A. Norcross
Melanie R. Irvin
Gallagher Sharp
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Plaintiff-appellant, James Perk ("Perk"), appeals from the trial court's judgment granting summary judgment in favor of defendant-appellee, Tomorrows Home Solutions L.L.C., d.b.a. Ohio Basement Systems ("THS"), on its counterclaim. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} In April 2014, Perk filed suit against THS. Perk's complaint alleged that he had entered into a contract to pay THS $9,450 for foundation repair services at his home, that THS performed its services in a shoddy and unworkmanlike manner, and that as a result of THS's failure to honor its extended warranty, he would be required to incur additional expense to repair THS's defective work. THS answered the complaint, and filed a counterclaim against Perk for $6,450 due under the contract.

{¶3} THS subsequently filed a motion for summary judgment on its counterclaim. Perk then dismissed his claims against THS without ever filing a brief in opposition to THS's motion. The trial court granted THS's motion for summary judgment on its counterclaim against Perk, and this appeal followed.

## II. Law and Analysis

{¶4} In his single assignment of error, Perk contends that the trial court erred in granting THS's motion for summary judgment.

{¶5} Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a

matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105,

671 N.E.2d 241 (1996).

{¶6} It is well established that the party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Id.* The nonmoving party has a reciprocal burden of specificity and must set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue for trial. *Id.* The reviewing court evaluates the record in a light most favorable to the nonmoving party. *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist. 1990). Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

**{¶7}** Perk contends that the trial court erred in granting summary judgment to THS on its counterclaim because THS's counterclaim was brought by an entity that was not a party to the litigation. Specifically, Perk contends that he sued "Tomorrows Home Solutions, L.L.C., d.b.a. Ohio Basement Systems," but the contract attached to THS's counterclaim, pursuant to which THS claimed monies owed under the contract, identified THS as "Tomorrows Home Solutions d/b/a Ohio Basement Systems," without any reference to the L.L.C. Thus, Perk contends that this entity is not the entity with whom he contracted and that he subsequently sued. Perk's argument is without merit.

**{¶8}** First, it is well established that a litigant's failure to raise an argument in the trial court waives the litigant's right to raise the issue on appeal. *Foster v. Wells Fargo Fin. Ohio, Inc.*, 195 Ohio App.3d 497, 2011-Ohio-4632, 960 N.E.2d 1022, ¶ 24. Perk did not file a brief in opposition to THS's summary judgment, and did not raise the issue of alleged improper party at any other point in the proceedings. Accordingly, he cannot raise the issue here for the first time on appeal.

**{¶9}** Moreover, even if not waived, Perk's argument lacks merit. Paragraph three of Perk's complaint states that on October 12, 2013, he and THS "entered into an agreement * * * *which is attached hereto and incorporated as Exhibit A*." (Emphasis added.) The agreement attached to Perk's complaint as Exhibit A identifies THS as "Tomorrows Home Solutions dba Ohio Basement Systems," without any reference to an L.L.C. designation. This same agreement, which Perk's complaint acknowledged was the agreement between him and THS, was attached to THS's answer and counterclaim.

Accordingly, there is no genuine issue of material fact that the THS that brought the counterclaim is the same entity with whom Perk contracted and later sued.

{¶10} Furthermore, we find no legal authority for Perk's implied proposition that a limited liability company must always use the L.L.C. designation on its corporate documents in order for a contract with that company to be valid. Indeed, one court considering an analogous situation has found that the omission of a corporate name indicator in business dealings subsequent to the original articles of incorporation submitted to the Ohio Secretary of State is insignificant. In *Promotion Co. v. Sweeney*, 150 Ohio App.3d 471, 2002-Ohio-6711, 782 N.E.2d 117 (7th Dist.), the Seventh District considered whether a company's failure to place "Inc." after the company name in a contract violated Ohio law such that the president of the company, who signed the contract, was personally liable. The court found that corporate name indicators (such as "company," "incorporated," "corporation," or the abbreviations for these words) must be included with the original corporate papers submitted to the secretary of state, but that "the omission of a corporate name indicator in subsequent business dealings does not extinguish the existence of a corporation and place personal liability on the representative who signs a contract for the company." *Id.* at ¶ 20. Accordingly, the fact that THS did not use the L.L.C. designation on its contract with Perk is not dispositive of the validity of the contract between him and THS.

{¶11} Finally, we find no genuine issue of material fact to preclude summary judgment in favor of THS. Perk acknowledged that the agreement attached to his

complaint as Exhibit A was the contract between him and THS, the entity he sued. The contract reflects that Perk agreed to pay THS $9,450 for its work; that he paid a $3,000 deposit; and that a balance of $6,450 was due upon completion. Because Perk did not respond to THS's motion for summary judgment, there is no evidence in the record to create a factual dispute regarding THS's counterclaim for Perk's failure to pay the amount due. Accordingly, the trial court properly granted summary judgment in favor of THS on its counterclaim. The assignment of error is therefore overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR