[Cite as *M&H Partnership v. Hines*, 2017-Ohio-923.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| M&H PARTNERSHIP, et al. | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | CASE NO. 14 HA 0004 |
| VS. | ) | |
| | ) | OPINION |
| WALTER VANCE HINES, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:     Appeal from the Court of Common Pleas
of Harrison County, Ohio
Case No. CVH-2012-0059

JUDGMENT:                                  Affirmed.

APPEARANCES:
For Plaintiffs-Appellants                Attorney Andrew Lycans
Attorney Clint Leibolt
225 North Market Street
P.O. Box 599
Wooster, Ohio 44691


For Defendants-Appellees, Walter Hines,    Attorney T. Beetham
Richard Hines, Drue Hines Danz, and       146 South Main Street
David Hines                                Cadiz, Ohio 43907


For Defendant-Appellee, Chesapeake    Attorney Clay Keller
Exploration, LLC                          17 South Main Street, Suite 101B
Akron, Ohio 44308

Attorney J. Quay
Attorney Michael Alvater
One Cascade Plaza, Suite 1010
Akron, Ohio 44308

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb


Dated: March 13, 2017

DeGENARO, J.

{¶1}   Plaintiffs-Appellants, M&H Partnership, William P. Ledger and Judith A. Ledger appeal the decision of the trial court granting summary judgment in favor of Defendants-Appellees, Walter Vance Hines, Richard Scott Hines, Drue Anne Hines Danz, and David Chris Hines in an action involving Ohio's Dormant Mineral Act, R.C. 5301.56. As Appellants' assignments of error are either meritless or moot, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2}   Appellants are the surface owners of real property in Harrison County. The Hines Heirs claim to be the owners of the severed mineral rights beneath that property. On April 9, 2011, at Appellants' request, the Harrison News Herald published a notice of abandonment with regard to the mineral rights, directed to Vance and Eleanor Hines, their heirs, beneficiaries, next-of-kin, successors and assigns. The notice asserted that the severed oil and gas rights had been abandoned because none of the savings events listed in R.C. 5301.56 had occurred during the preceding 20 years.

{¶3}   On May 11, 2011, the Hines Heirs filed a document entitled Affidavit Preserving Minerals with the Harrison County Recorder. In that document, Richard Scott Hines recited when Vance Hines, Eleanor Hines and Walter Vance Hines died, along with the survivors of each. He identified the Hines Heirs as the "current owners" of the severed mineral interest. He did not identify any savings event that had occurred within the 20 years immediately preceding the date on which the notice of abandonment was published. He stated that "the claimants herein do not intend to abandon their rights in the mineral interest, but intend to preserve their rights."

{¶4}   On October 31, 2011, the Hines Heirs entered into an oil and gas lease with Defendant-Appellee Chesapeake Exploration, LLC.

{¶5}   On June 5, 2012, Appellants filed a complaint against the Hines Heirs and Chesapeake requesting quiet title relief and seeking a declaration that any interest the Hines Heirs or their predecessors owned in the property had been deemed abandoned and vested in the surface owners prior to the signing of the

Chesapeake lease, which was therefore invalid. Chesapeake filed an answer and the Hines Heirs filed an answer and counterclaim for quiet title and declaratory judgment.

{¶6} The parties filed cross-motions for summary judgment, and the disputed issues included: which version of R.C. 5301.56 applied, 1989 or 2006; whether the mineral interest was preserved under the statute; and whether the Hines Heirs are successors in interest to the individuals who severed and reserved the mineral interest and had standing to challenge the notice of abandonment.

{¶7} After briefing on summary judgment had concluded, the Hines Heirs filed a notice of supplemental filing, which included the following documents: an affidavit of heirship; a certificate of transfer issued by the Defiance County Probate Court, demonstrating that Eleanor Hines died testate in 1966 at which time the mineral interest passed to her son, Walter Hines; and a certificate of transfer issued by the Harrison County Probate Court, demonstrating that Walter Hines died testate in 2001 at which time the mineral interest passed to his four children, the Hines heirs.

{¶8} Two days later, the trial court had an oral hearing on the summary judgment motions, which is included in the appellate record. Appellants' counsel did not object to the timing of the supplemental filing, nor did he argue that the trial court could not consider the documents therein. Instead counsel merely argued that the trial court should not give the certificates of transfer much evidentiary weight.

{¶9} The trial court analyzed the case under both the 1989 and 2006 versions of R.C. 5301.56 and concluded under either version the Hines Heirs sufficiently preserved their severed mineral interest. But the trial court ultimately held that the 2006 version controlled. Therefore, the trial court denied Appellants' motion for summary judgment and granted the Hines Heirs' motion. This appeal was stayed pending the Ohio Supreme Court's decision in multiple cases regarding, inter alia, whether the 1989 or the 2006 version of R.C. 5301.56 controls.

{¶10} In *Corban v. Chesapeake Exploration, L.L.C.*, Slip Opinion No. 2016-

Ohio-5796 (Sept. 15, 2016), ¶ 2, the Court held "the 2006 version of the Dormant Mineral Act, which is codified at R.C. 5301.56, applies to all claims asserted after June 30, 2006[.]" On October 19, 2016, this case was returned to the active docket.

### 2006 DMA Controls

{¶11} For clarity of analysis, we first turn to Appellants' third, fourth, fifth, and sixth assignments of error which state respectively:

> The trial court erred in holding that the Dormant Mineral Act of 1989 was not self-executing.

> The trial court erred in holding that the 2006 amendment of the Dormant Mineral Act divested surface owners of vested property rights acquired under the 1989 Act.

> The trial court erred in holding that the Dormant Mineral Act of 1989 adopted a static 20 year look back period based upon the date of enactment.

> The trial court erred in holding that the severed mineral interest was the subject of a title transaction based upon a lease signed by someone who did not hold the mineral interest.

{¶12} In *Corban*, the Ohio Supreme Court held the 2006 version of R.C. 5301.56 controlled, reasoning in pertinent part:

> In accord with this analysis, we conclude that the 1989 law was not self-executing and did not automatically transfer ownership of dormant mineral rights by operation of law. Rather, a surface holder seeking to merge those rights with the surface estate under the 1989 law was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned.
>
> * * *

Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 28, 31.

**{¶13}** These four assignments of error present arguments related to the 1989 version of R.C. 5301.56. The trial court here analyzed Appellants' claims under both the 1989 and 2006 versions of R.C. 5301.56, but ultimately concluded that the 2006 version applied.

**{¶14}** Appellants herein filed their complaint on June 5, 2012, well after the effective date of the 2006 version of R.C. 5301.56. Insofar as these assignments of error present arguments that relate to the 1989 version, they are moot and we need not address them. *See* App.R. 12(A)(1)(c).

### Succession Issues

**{¶15}** In their first assignment of error, Appellants assert:

The trial court erred in holding that the alleged mineral holders proved that they are the successors in interest to the individuals who severed and reserved the mineral interest.

**{¶16}** Appellants assert that the Hines Heirs are not holders of the mineral interest and therefore had no standing to challenge Appellants' notice of abandonment. They claim that the mineral interest holder was actually the Eleanor S. Hines Family Trust.

**{¶17}** However, Appellants failed to name the Eleanor S. Hines Family Trust as a defendant in their complaint. They first challenged the Hines Heirs as holders of the interest during summary judgment proceedings. They did not specifically raise this issue in their answer to the Hines Heirs' counterclaim, other than to deny, for lack of information, the assertions the Hines Heirs made about how the mineral interest descended to them from their grandparents. Appellants never requested leave to amend their complaint to include the Eleanor Family Trust as a defendant.

**{¶18}** Moreover, the broad definition of holder includes the Hines Heirs. "'Holder' means the record holder of a mineral interest, and any person who derives the person's rights from, or has a common source with, the record holder and whose claim does not indicate, expressly or by clear implication, that it is adverse to the interest of the record holder." R.C. 5301.56(A)(1).

**{¶19}** The original record holders of the mineral interest were Vance and Eleanor Hines. In a 1961 deed, they transferred the surface of the subject property but reserved the mineral rights. The Hines Heirs derive their rights from or have a common source with their paternal grandparents, Vance and Eleanor Hines, either by testate or intestate succession. This is not a situation where there is a complex web of descendants. Vance and Eleanor Hines were succeeded by one son, Walter Vance Hines, who was succeeded by his four children, the Hillman Heirs herein. The definition of holder in R.C. 5301.56 is broad and includes the Hines Heirs. R.C. 5301.56(A)(1).

**{¶20}** Furthermore, evidence in the record from the relevant probate courts demonstrates that each of the four Hillman Heirs holds one-fourth of the mineral interest. It is undisputed in the record that Vance and Eleanor Hines reserved the mineral interest in 1961 deed. Thus, at that time each held one-half of the mineral interest. It is also undisputed that Vance Hines died intestate in Pennsylvania in 1965, leaving his wife Eleanor and one son, Walter Vance Hines.

**{¶21}** Ohio intestacy laws at that time governed the disposition of the mineral interest; although Walter died in Pennsylvania, the real property interest was located

in Ohio. "The law of the place where the property is situated generally governs the descent of realty and other immovable property, irrespective of the domicile of the deceased owner." *In re Estate of Kinder*, 3d Dist. No. 4-98-23, 1999 WL 378398, at *7 (May 12, 1999). "[A]ll matters relating to succession of movable property are governed by the law of the decedent's domicile at the time of death, while all matters relating to succession of immovable property are governed by the law of the situs of the property." *Reif v. Reif,* 86 Ohio App. 3d 804, 807, 621 N.E.2d 1279 (2d Dist.1993), following the Restatement of the Law 2d, Conflicts of Law (1971), Sections 239, 263.

{¶22} Ohio's law of intestate succession when Vance died in 1965 stated:

When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

* * *

(B) If there is a spouse and one child or its Lineal descendants surviving, one half to the spouse and one half to such child or its lineal descendants, per stirpes[.]

Former R.C. 2105.06.

{¶23} Thus, under the law in effect at that time, Vance's one-half interest passed in equal shares to his only son, Walter Vance Hines, and his surviving spouse Eleanor. Thus, at Vance's death, Eleanor owned three-fourths and Walter

Vance Hines owned one-fourth of the severed mineral interest. [1]

{¶24} Eleanor died testate in 1966. The certificate of transfer issued by the Defiance County Probate Court demonstrates that at Eleanor's death her mineral interest passed to her son, Walter Vance Hines; accordingly, he became the owner of the entire mineral interest. A certificate of transfer issued by the Harrison County Probate Court, demonstrates that Walter Vance Hines died testate in 2001 at which time the mineral interest passed equally to his four children, the Hines Heirs herein.

{¶25} Appellants first argue the trial court should not have considered the certificates of transfer due to the fact that this evidence was submitted after summary judgment briefing had concluded. However, after that filing, the trial court conducted a hearing on the pending summary judgment motions where counsel for all parties were able to present arguments. Appellants' counsel did not object to the timing of the supplemental filing during that hearing, nor did he argue that the trial court could not consider the documents therein. Instead counsel argued that the trial court should not give the certificates of transfer much evidentiary weight. "A litigant's failure to raise an argument in the trial court waives the litigant's right to raise the issue on appeal." *Foster v. Wells Fargo Fin. Ohio, Inc.*, 195 Ohio App.3d 497, 2011-Ohio-4632, 960 N.E.2d 1022, ¶ 24 (8th Dist.), citing *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220, 574 N.E.2d 457 (1991), overruled on other grounds in *Collins v. Sotka*, 81 Ohio St.3d 506, 692 N.E.2d 581 (1988).

{¶26} Appellants secondly assert that the Defiance County Probate Court's certificate of transfer is somehow invalid in that it is inconsistent with Eleanor Hines' will and with other probate court documents they filed in support of their summary judgment motion. Admittedly Eleanor Hines' will appears to devise only personal

---

[1] Appellants make much of the fact that in a request for admission, the Hines Heirs admitted that "any interest in the Severed Mineral Interest owned by Vance Hines at the time of his death passed to Eleanor Hines by operation of law." However, it does not appear this is dispositive of the *legal issue* of how that interest passed. The law of intestate succession at the time of Vance Hines' death would control, not the admission of "fact," by the Hines Heirs, which was really an erroneous legal conclusion and not a factual admission. *See* Civ.R. 36(A) (requests for admissions may "relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.")

property to her son Walter Vance Hines, leaving the residual estate to the Eleanor S. Hines Family Trust. However, we cannot consider this argument for two reasons.

{¶27} First, the trust agreement is not part of the record, so it is unclear who the beneficiaries of that trust are. More importantly, we do not have the entire Defiance County Probate Court's record in that case; a court which, notably is not under our appellate jurisdiction. "Although a certificate of transfer is not an order per se, the certificate of transfer permits a party to transfer title of real property and is signed by the court.* * *' " *In re Estate of Dinsio*, 159 Ohio App.3d 98, 2004-Ohio-6036, 823 N.E.2d 43, ¶ 38 (7th Dist.), quoting *In re Estate of DeMarco*, 11th Dist No. 91–A–1653, 1992 WL 79611 (Apr. 10, 1992). *See also* R.C. 2113.61 (Application for certificate of transfer; duty of court). Generally, the proper way to challenge a certificate of transfer is via a motion to vacate. *In re Estate of Dinsio*, ¶ 38-46.

{¶28} Appellants cite *In re Hess*, 7th Dist. No. 09 BE 8, 2009-Ohio-7010, asserting that it stands for the proposition that "[w]here a quiet title action reveals that a certificate of transfer was improperly issued, that certificate of transfer does not govern." However, *Hess* is distinguishable from this case where a third party is attempting to collaterally attack the probate court's judgment in the wrong court. Instead, *Hess* dealt with the reissuance of a certificate of transfer to correct a prior error, and was an appeal from a Belmont County Probate Court's judgment rescinding the certificate of transfer. *Id.* at ¶ 1-2, 9-10.

{¶29} It appears from our record that Appellants failed to challenge the certificate of transfer in the Defiance County Probate Court. This court lacks jurisdiction to consider alleged errors regarding the certificate of transfer or regarding that court's process more generally. *See Wolfrum v. Wolfrum,* 2 Ohio St.2d 237, 208 N.E.2d 537 (1965) (holding that the probate court has exclusive jurisdiction, unless otherwise provide by law, as to all matters pertaining to the administration of an estate); and R.C. 2101.24 (jurisdiction of probate court). Therefore, we must presume the regularity of those probate court proceedings.

{¶30} In sum, the Hines Heirs had standing to challenge Appellants' notice of

abandonment as they are the current holders of the severed mineral interest. Accordingly, Appellants' first assignment of error is meritless.

## Preservation of Severed Mineral Interest

**{¶31}** Finally, in their second assignment of error, Appellants assert:

The trial court erred in holding that the alleged mineral holders preserved the severed mineral interest by recording a preservation claim after receiving a notice of abandonment.

**{¶32}** The claim and affidavit filed by the Hines Heirs in response to the notice of abandonment did not identify any R.C. 5301.56(B)(3) savings events that occurred in the 20-year period preceding the notice of abandonment; instead merely stating they wanted to preserve their interest. Appellants argue the trial court erred by concluding the Hines Heirs preserved their interest insofar as no savings events were specified in their claim.

**{¶33}** The Ohio Supreme Court recently held in *Dodd v. Croskey*, 143 Ohio St.3d 293, 2015-Ohio-2362, 37 N.E.3d 147, that even where no savings event occurred in the 20 years preceding the notice of abandonment, R.C. 5301.56(H)(1)(a) nevertheless allows a severed mineral interest owner to preserve the severed interest by filing a claim to preserve the mineral interest in the 60 days after notice is served or published. *Id.* at ¶ 25-32.

Nothing in the act states that a claim to preserve filed under R.C. 5301.56(H)(1)(a) must refer to a saving event that occurred within the preceding 20 years. Nor do the notice procedures in R.C. 5301.56(H)(1)(a) require that the claim to preserve be itself filed in the 20 years preceding notice by the surface owner. The statute plainly states that such a claim can be filed within 60 days after notice. R.C. 5301.56(H). Thus, to preserve the mineral holder's interests, the plain language of R.C. 5301.56(H) permits either a claim to preserve the

mineral interest or an affidavit that identifies a saving event that occurred within the 20 years preceding notice.

*Id.* at ¶ 30.

**{¶34}** In *Dodd*, the claim to preserve filed by the severed mineral interest holders was very similar to the one filed by the Hines Heirs:

> John William Croskey filed and recorded a document entitled "Affidavit Preserving Minerals." The Croskey affidavit outlined a history of transactions affecting the mineral rights underlying appellants' surface property. And it identified 36 persons as "current owners of the minerals and oil and gas reserved by the deeds" set forth in the affidavit who "do not intend to abandon their rights to the mineral interest, but intend to preserve their rights."

*Id.* at ¶ 16.

**{¶35}** Here, the Hines Heirs filed—32 days after the notice of abandonment was published—a document entitled "Affidavit Preserving Minerals" with the Harrison County Recorder. In that document, Richard Scott Hines recited when Vance Hines, Eleanor Hines and Walter Vance Hines died, along with the survivors of each. He identified the Hines Heirs as the "current owners" of the severed mineral interest. He stated that "the claimants herein do not intend to abandon their rights in the mineral interest, but intend to preserve their rights."

**{¶36}** The above-described claim, like the one in *Dodd*, constitutes a valid claim to preserve under R.C. 5301.56(H)(1)(a) and therefore no savings event need be specified therein. *Dodd* at ¶ 30. Therefore, the Hines Heirs have sufficiently preserved their interest under the 2006 version of R.C. 5301.56. Accordingly, Appellants' second assignment of error is also meritless.

## Conclusion

**{¶37}** In sum, Appellants' first and second assignments of error are meritless.

The Hines Heirs are holders of the severed mineral interest and had standing to file a claim of preservation. Appellants' third, fourth, fifth and sixth assignments of error are moot insofar as they relate to the 1989 version R.C. 5301.56, which does not apply to this case because it was filed after June 30, 2006. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P. J., concurs.