[Cite as *Forsyth Fin., L.L.C. v. Chaney*, 2024-Ohio-1691.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FORSYTHE FINANCE, LLC,  :

    Plaintiff-Appellant,  :

                                      No. 113099

    v.  :

DANNETTE CHANEY,  :

    Defendant-Appellee.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 2, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-939904

---

### *Appearances:*

Tucker Ellis LLP and Elisabeth C. Arko; Andrew P. Trevino, pro hac vice, and Sarah Butler, pro hac vice, *for appellant*.

Frederick & Berler, LLC, Ronald I. Frederick, and Michael L. Berler, *for appellee*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Plaintiff-appellant Forsythe Finance, LLC ("Forsythe") appeals from the trial court's order granting defendant-appellee Dannette Chaney's ("Chaney")

motion for judgment on the pleadings. For the following reasons, we affirm the judgment of the lower court.

**Factual and Procedural History**

{¶ 2} In January 2014, Chaney purchased a 2005 Chevrolet Equinox ("the vehicle") from Brian's Direct Detail ("BDD"). As is standard in a motor vehicle purchase, Chaney signed multiple documents as part of the transaction. Chaney signed a bill of sale, as well as a document that referred to itself as a "Precomputed Retail Installment Contract" and a "Precomputed Interest Retail Installment Sales Contract" ("RISC").

{¶ 3} Subsequently, BDD assigned its interest in the RISC to AC Autopay LLC ("AC"). On or about July 3, 2014, Chaney defaulted on the RISC. On July 8, 2015, AC repossessed the vehicle and ultimately sold it at auction in November 2015. AC then sold its interest in the RISC to Security Credit Services, LLC, which in turn then sold its interest in the RISC to Forsythe in November 2018. Forsythe then sought to collect upon the RISC by initiating the underlying action.

{¶ 4} On January 21, 2020, Forsythe filed a complaint in the Garfield Heights Municipal Court against Chaney to collect a consumer debt for Chaney's breach of the RISC. On June 1, 2020, Chaney responded by filing a class action counterclaim. On September 4, 2020, the case was transferred to the Cuyahoga County Court of Common Pleas.

{¶ 5} On August 29, 2022, Chaney filed a Civ.R. 12(C) motion for judgment on the pleadings, asserting that Forsythe filed its complaint after the expiration of

the four-year statute of limitations applicable to the sale of goods under R.C. 1302.98.

{¶ 6} On May 1, 2023, the trial court granted Chaney's Civ.R. 12(C) motion and dismissed the action. In a corresponding journal entry, the court held:

> [T]he three-page all-inclusive instrument entitled "Precomputed Retail Installment Contract," the only contract in the record, is governed by Ohio's four-year statute of limitations pertaining to the breach of a contract of sale. R.C. 1302.98. Forsythe's complaint was filed at least four years after the accrual of the cause of action and well beyond the applicable four-year statute of limitations.

{¶ 7} Forsythe filed a timely notice of appeal and raises a single assignment of error for our review:

> The trial court erred when it granted Chaney's motion for judgment on the pleadings by failing to construe the pleadings and attached contracts in Forsythe's favor and incorrectly applying the four-year sale of goods statute of limitations under Chapter 1302 of the Ohio Revised Code instead of the six-year statute of limitations for security transactions under Chapter 1309.

**Legal Analysis**

{¶ 8} Forsythe's sole assignment of error challenges the trial court's grant of Chaney's motion for judgment on the pleadings based on the statute of limitations.

{¶ 9} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Dismissal of a complaint is appropriate under Civ.R. 12(C) when, "after construing all material factual allegations in the pleadings as true and all reasonable inferences that can be drawn therefrom in favor of the plaintiff, the court finds, beyond doubt,

that the plaintiff could prove no set of facts in support of his or her claims that would entitle the plaintiff to relief." *Crenshaw v. Howard*, 2022-Ohio-3914, 200 N.E.3d 335, ¶ 13 (8th Dist.), citing *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). A motion for judgment on the pleadings raises only questions of law, testing the legal sufficiency of the claims asserted. *Id.*, citing *Johnson v. Johnson*, 8th Dist. Cuyahoga No. 108420, 2020-Ohio-1381, ¶ 11. Therefore, we review a trial court's decision to grant a motion for judgment on the pleadings de novo. *Id.*, citing *New Riegel* at ¶ 8, citing *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18.

{¶ 10} In support of its argument that the trial court erred in granting Chaney's motion for judgment on the pleadings, Forsythe asserts that the trial court failed to apply the correct statute of limitations. Specifically, Forsythe argues that the trial court applied Article 2 of the Uniform Commercial Code ("UCC"), as codified in Chapter 1302 of the Ohio Revised Code, which provides for a four-year statute of limitations on contracts for the sale of goods. Forsythe argues that the trial court should have applied Article 9 of the UCC, as codified in Chapter 1309 of the Ohio Revised Code, which provides for a six-year statute of limitations for secured transactions.

{¶ 11} According to Forsythe, this error by the trial court arose from the trial court's decision to consider only the RISC, while ignoring the bill of sale.[1]

{¶ 12} Pursuant to R.C. 1317.01(L), a retail installment contract "means any written instrument that is executed in connection with any retail installment sale and is required by section 1317.02 of the Revised Code or is authorized by section 1317.03 of the Revised Code, and includes all such instruments executed in connection with any retail installment sale."

{¶ 13} R.C. 1302.98 provides, in relevant part, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Ohio courts, including this court, have held that RISCs executed in similar circumstances to those in this case are governed by the four-year statute of limitations in R.C. 1302.98. For example, this court applied the four-year statute of limitations in a case in which a consumer had purchased a vehicle pursuant to a retail installment contract. *Foster v. Wells Fargo Fin. Ohio, Inc.*, 195 Ohio App.3d 497, 2011-Ohio-4632, 960 N.E.2d 1022, ¶ 14 (8th Dist.). Likewise, the Eleventh District has held that the four-year statute of limitations applied to an action based on a consumer's default on an installment sales contract related to the purchase of a used vehicle. *D.A.N. Joint Venture III, L.P. v. Armstrong*, 11th Dist. Lake No. 2006-L-089, 2007-Ohio-898, ¶ 34. Specifically, the court held that even though some courts have applied a six-year statute of limitations to causes of action arising

---

[1] We note that Forsythe never refers to the RISC specifically as a RISC, instead referring to it exclusively as the Precomputed Retail Installment Contract, or a Retail Installment Contract.

under the Ohio Retail Sales Installment Act, that is not the appropriate statute of limitations where the action "is not based in any way on alleged violation" of that act. *Id.* at ¶ 32.

{¶ 14} Moreover, while the trial court here referred to the RISC as the only contract in the record, Forsythe's assertion that it ignored the bill of sale is a mischaracterization of the trial court's decision. The trial court accurately identified that the RISC was an all-inclusive instrument. By their own terms, the bill of sale included other documents; specifically, the bill of sale included the RISC, and the RISC statutorily included the bill of sale.

{¶ 15} Forsythe maintains that the deficiency action underlying this appeal is grounded in an independent security transaction, and therefore properly governed by Article 9 of the UCC, codified in Chapter 1309 of the Revised Code, and more specifically, the six-year statute of limitations found in R.C. 2305.06.

{¶ 16} As described above, a RISC is an instrument intended to memorialize the terms of a retail installment sale and by definition is not intended to operate only as a memorialization of the security aspect of a transaction, but of the sale in general. R.C. 1307.01. The mere fact that Chaney provided security for the financing of the purchase of the vehicle, pursuant to the RISC, does not transform the RISC into a different type of agreement. Forsythe's arguments are not well taken.

{¶ 17} Therefore, based on the foregoing, the trial court did not err by granting Chaney's motion for judgment on the pleadings. Accordingly, we overrule Forsythe's assignment of error and affirm the lower court's judgment.

**{¶ 18}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
ANITA LASTER MAYS, J., CONCUR